[Decided February 27, 1893.]

## IRA GOODNOUGH *v.* T. C. POWELL ET AL.

[S. C. 32 Pac. Rep. 396.]

TAXES — INJUNCTION — TENDER OF TAX.— The collection of a tax will not be enjoined unless the plaintiff has paid or tendered the amount which is admitted, or can be shown, to be legal.

IDEM — EXTENDING ASSESSMENT ON TAX ROLLS.— The proper officers will not be restrained by a court of equity from extending an assessment on the tax rolls, because it is alleged to be unequal, and to be an arbitrary discrimination against certain classes of property; the party aggrieved should wait till there is an attempt made to collect the tax, and then present his complaint, after paying or tendering such a part as he admits to be properly due.

Multnomah County: THOS. A. McBRIDE, Judge.

This suit was brought by appellant Ira Goodnough to restrain respondent T. C. Powell, as clerk of the county court of Multnomah County, from extending upon the assessment roll of said county any greater sum than thirty per cent increase upon the assessed valuation thereon, as fixed by the county assessor of said county, and furnished to the secretary of state and state board of equalization by said county clerk, the said board of equalization having raised the assessment of mortgages on said roll from an assessed valuation of fifty per cent of their cash value to one hundred per cent, or to their actual cash value; and also to restrain the governor, secretary of state, and state treasurer from apportioning to Multnomah County its proportion of state taxes to be

levied and collected for the year 1893 at any sum greater than it would. be if the mortgages on said roll were assessed at sixty-five per cent of their face value, appellant claiming that real property is assessed on said roll at only sixty-five per cent of its cash value, and that the assessment of mortgages at their face value is in violation of section 32, article I. of the state constitution, requiring that "all taxation shall be equal and uniform," and that "said assessment was made arbitrarily, and with the intent to discriminate against mortgages and in favor of other real estate, the said board of equalization well knowing that the assessment upon said mortgages was thirty-five per cent higher than the assessment on lots and agricultural lands." A demurrer to the complaint was sustained and a decree entered dismissing the complaint, whereupon plaintiff appealed. Affirmed.

*Geo. H. Williams,* and *Raleigh Stott (C. E. S. Wood,* and *Stott & Boise* on the brief), for Appellant.

We refer, in the first place, to the case of *Cummings* v. *National Bank,* 101 U. S. 153. In that case the state board of equalization of Ohio had discriminated against bank shares, and in favor of other personal property. The constitution of the state of Ohio, like our own, requires uniformity in the taxation of property. In the case cited, the supreme court of the United States, upon the application of a national bank, decided that the collection of the tax upon bank shares, in so far as it exceeded the tax upon other personal property, should be enjoined. The case, which is a leading one, decides these points: *First,* that a suit in equity will lie to enjoin the proceedings of a board of equalization which are illegal and in conflict with the constitution of the state; *second,* that a party has a right to complain when his property is taxed at its full cash value, and other property is assessed at a lower rate of valuation. The point upon which we mainly rely is that the plaintiff has the right to insist upon uniformity and equality of taxation, as required by

the constitution; and that if the taxing authorities of the state disregard this requirement, he has the right to complain and to call upon the courts to equalize the taxation. We do not, of course, claim that absolute equality in taxation is attainable; but we do claim that the constitution prohibits the taxing authorities from purposely and intentionally creating inequality of taxation by discriminating against certain classes of property and in favor of certain other classes, when all belong to the same general class, and are to be treated in the same manner for the purposes of assessment and taxation.

Another point decided by the case last cited is that when a board of assessment or equalization adopts a rule or system of valuation which is designed to operate unequally, a court of equity will interfere to restrain the operation of such an exercise of power, on the ground that it is contrary to the constitution; and it appears from the same case that it is unnecessary, where such a rule of valuation has been adopted, to charge or to show that the board was guilty of any fraud in its proceeding. Our position in this case is that the state board of equalization adopted a rule valuation which was designed to operate, and did operate, unequally upon different kinds of real property; this rule being that that kind of real property known as mortgages should be assessed at one hundred cents on the dollar, while the real property known as city lots and agricultural lands was to be assessed at sixty-five cents on the dollar.

In support of our position, we cite the following cases, that are directly in point: *Dundee Mortgage Co.* v. *School District* (Or.), 10 Saw. 52 (19 Fed. Rep. 359, and 21 Fed. Rep. 151); *Dundee Mortgage Co.* v. *Parrish,* 11 Saw. 92 (24 Fed. Rep. 201); *Balfour* v. *Portland,* 12 Saw. 124; *Cal. & Or. Land Co.* v. *Gowan* (Or.), 48 Fed. Rep. 771; *Andrews* v. *King Co.* 1 Wash. 46 (23 Pac. Rep. 409); *Merrill* v. *Humphrey,* 24 Mich. 170; *C. B. & Q. R. R. Co.* v. *Cole,* 75 Ill. 591; *First National Bank* v. *Lindsay* (La.), 45 Fed. Rep. 619; *Verdery* v. *Village of Summerville* (Ga.), 8 S. E. Rep.

213 ; *City of Savannah* v. *Weed* (Ga.), 11 S. E. Rep. 235; *Redmond* v. *Town of Tarboro* (N. C.), 10 S. E. Rep. 845; *Manson Loan Co.* v. *Heston* (Ia.), 49 N. W. Rep. 985; *Parker* v. *North B. & M. Ins. Co.* (La.), 7 So. Rep. 599; *City of Chicago* v. *Burtice*, 24 Ill. 492; *Re Construction of Revenue Law* (S. Dak.), 48 N. W. Rep. 418; *Hazzard* v. *O'Bannon*, 36 Fed. Rep. 584.

*Geo. E. Chamberlain*, attorney-general, and *Wilson T. Hume*, district attorney *(John H. Hall* on the brief), for Respondents.

Real property, for the purpose of taxation, is by the code of Oregon divided into three classes : *First*, city and town property; *second*, other real property; and, *third*, mortgages, deeds of trust, etc.: Code, §§ 2730–2773.

If the assessment is uniform as to each one of the several classes into which the code divides property for the purpose of taxation, it is a substantial compliance with the constitutional provisions requiring uniformity of assessments and taxation, and if one of those distinct classes of property, either real or personal, is assessed proportionately higher than the other classes, still the uniformity is preserved, as all persons in like situation are assessed equally and bear their proportionate share of the public burden: *Railroad Tax Cases*, 92 U. S. 575; *Spencer* v. *People*, 68 Ill. 512 ; *Railroad Co.* v. *Stookey*, 122 Ill. 358 ; *O. R. & N. Co.* v. *Croisan*, 22 Or. 393 ; *Porter* v. *R. I. etc. Ry. Co.* 76 Ill. 561.

LORD, C. J. (orally).—The importance of this case requires us to promptly decide it, and we have only been able to examine the authorities cited by counsel and reach our conclusion upon the facts, without preparing a written opinion. The general doctrine is well established that courts of equity will restrain by injunction the collection of taxes that are fraudulent, or that would lead to a multiplicity of suits, or produce irreparable injury, or, if the property is real estate, that would cast a cloud upon the title of the complainant; but it is equally well established that courts of equity will not interfere with the

collection of taxes unless they are void, or levied without authority, and not then unless the taxpayer has paid, or tendered, such taxes as are legal. Nor will equity restrain an extension of a tax on the tax books, unless wholly unauthorized and void in all its parts. In *Ottawa Glass Co.* v. *McCaleb et al.* 81 Ill. 562, WALKER, J., says: "If any portion of the tax is valid, then the court will never interpose until the taxes have been extended on the collector's books, and not then until the taxpayer has paid, or tendered, such taxes as are legal. The court will not stay a tax which is legal because some portion of it may be illegal and void. The legal portion must be paid without hindrance or obstruction." In *State Railroad Tax Cases*, 92 U. S. Rep. 617, Mr. Justice MILLER says: "It is not sufficient to say in the bill that they are ready and willing to pay whatever may be found due. They must first pay what is conceded to be due, or what can be seen to be due on the face of the bill, or be shown by affidavits, whether conceded or not, before the preliminary injunction should be granted. The state is not to be thus tied up as to that of which there is no contest, by lumping it with that which is really contested. If the proper officer refuses to receive a part of the tax, it must be tendered, and tendered without the condition annexed of a receipt in full for all the taxes assessed ": See also *National Bank* v. *Kimball*, 103 U. S. 732; *Dundee Mortgage Co.* v. *Parrish*, 24 Fed. Rep. 198.

This practice is not observed in the present suit, for the reason that the tax is not yet extended on the assessment rolls by the officer, nor its collection sought to be enforced against the claimant. If the assessment upon mortgages is fraudulent, and made with intent to discriminate against him in that particular and for the part or amount alleged, it will be time enough to hear complainant after the taxes are extended and their collection sought to be enforced against him, upon his payment of the amount of tax conceded to be due.

The judgment is affirmed and the bill dismissed.