Argued 18 December, 1900; decided 14 January, 1901.

**ALLIANCE TRUST CO. *v.* MULTNOMAH COUNTY.**

[63 Pac. 498.]

MORTGAGE TAX LIEN — EFFECT OF RELEASE OF THE MORTGAGE.

1.   A release of a mortgage either by payment or foreclosure does not discharge the mortgagee's interest in the pledged land from the lien of a tax duly levied thereon under the so-called Mortgage Tax Law, which divided the title of mortgaged land into two interests, and made such interests assessable to different persons:   *Dekum* v. *Multnomah County*, 38 Or. 253, followed.

EFFECT OF REPEALING MORTGAGE TAX LAW ON TAXES ALREADY LEVIED.

2.   Where taxes had been assessed on mortgages before the repeal of the mortgage tax law, such repeal did not invalidate a subsequent levy on and sale of the mortgagee's interest in the mortgaged property to satisfy the tax lien, since the repealing act (Laws 1893, pp. 6, 85), provided that prior valid assessments and taxes should not be affected.

RESTRAINING COLLECTION OF TAX WITHOUT TENDERING AMOUNT DUE.

3.   Before a taxpayer will be heard to urge the invalidity of a tax for irregularities he must pay or tender the sum due:   *Hibernian Benev. Soc.* v. *Kelly*, 28 Or. 173, and *Dayton* v. *Multnomah County*, 34 Or. 239, approved; *Hughes* v. *Linn County*, 37 Or. 111, distinguished.

From Multnomah: JOHN B. CLELAND, Judge.

Suit by the Alliance Trust Company, Limited, against Multnomah County and William Frazier, its sheriff, originally instituted to enjoin the sale of real property, and thereafter amended so as to remove a cloud from the title thereto. It appears that the plaintiff, a private foreign corporation, loaned $45,200 in various sums to sundry persons, taking as security therefor mortgages on real property in Multnomah County, Oregon, which having been duly recorded therein, the assessor thereof, in 1890, 1891, and 1892, assessed said debts and mortgages as land to the plaintiff, but the taxes levied thereon for state, county, and school purposes, to wit, the sum of $937.84, including costs, have

never been paid.  Defaults having also been made in the payment of the sums so loaned, plaintiff, by foreclosures, sales, confirmations, and sheriff's deeds, and by voluntary conveyances, has secured the legal title to the premises so mortgaged to it.  In 1899 the defendant William Frazier, as sheriff of said county, levied on the plaintiff's interest in said lands as such mortgagee, and advertised the same for sale, to satisfy the taxes so levied thereon; whereupon this suit was instituted to enjoin said sale, the plaintiff alleging, in substance, that, prior to and at all times since the levy of said taxes, it had personal property in said county upon which Frazier's predecessors in office could have levied and collected said taxes under the original warrants attached to the tax rolls of the respective years, but that no levy was made thereon, and that the sheriff's returns indorsed upon the delinquent rolls of said county for the years 1890 and 1891 were false; that in 1892 no return whatever was made under the original warrant attached to the tax roll of that year, nor had any levy in pursuance thereof ever been made upon plaintiff's goods and chattels.  The plaintiff, by leave of court, filed an amended complaint, alleging that, after this suit was begun, Frazier, in pursuance of said levy and notice, sold said interest in the real property to said county for the amount of the taxes and costs, and issued to it a certificate of sale, whereby it claims to own said mortgage interest in the land to the extent thereof; but that by reason of the satisfaction of said mortgages, and the repeal of the mortgage tax law, said premises could not be legally sold under the warrant, and the pretended sales thereof conveyed no interest in said land, but cast a cloud on the title thereto, which it prays may be removed.  A demurrer to the complaint on the ground that it did not state facts sufficient to consitute a cause of suit having been sustained, the suit was dismissed, and the plaintiff appeals.                    AFFIRMED.

For appellant there was an oral argument by *Mr. Wm. D. Fenton,* with a brief over the name of *Fenton, Bronaugh & Muir.*

The repeal of the mortgage tax law (Laws 1893, p. 6), destroyed the lien created by the act of October 26, 1882, and the special remedy for enforcing it by a sale of the security and debt, but left the tax itself unaffected, and subject to collection under the general laws. The validity of the sale must be determined by the general law in force on the day of sale: Cooley, Tax. (2 ed.), p. 444; 2 Hill's Ann. Laws, §§ 2794, 2803, 2814-2818; *Smith* v. *Kelly,* 24 Or. 464 (33 Pac. 642) ; *Blythe* v. *Luning,* 7 Sawy. 504; *Anderson* v. *State,* 23 Miss. 459, 24 Miss. 479; *Howard* v. *Augusta,* 74 Me. 79; *Creighton* v. *Monson,* 27 Cal. 614; *Oliver* v. *Robinson,* 58 Ala. 46; *Driggen* v. *Cassady,* 71 Ala. 529; *Bleidorn* v. *Abel,* 6 Iowa, 6.

For respondents there was an oral argument by *Messrs. Martin L. Pipes* and *Alex Bernstein,* with a brief over the names of *Pipes & Tifft* and *Bernstein & Cohen.*

The purchase by the county of real property at delinquent tax sales does not pay the tax, but is only a step in the process of collecting: *State* v. *Commissioners,* 1 Kan. 448; *Lancaster County* v. *Trimble,* 34 Neb. 752 (52 N. W. 711).

The mortgage tax law expressly provides that the taxes assessed thereunder shall be a lien, and neither the repeal of the law nor the satisfaction of the mortgages repeals the remedy: Hill's Ann. Laws, §§ 27, 35; Laws 1893, p. 85; Laws 1897, p. 6; *Smith* v. *Kelly,* 24 Or. 464 (33 Pac. 642) ; *Newsom* v. *Greenwood,* 4 Or. 119; *State Bank* v. *Lewis,* 64 Miss. 727; *Hartford* v. *Champon,* 58 Conn. 268.

This being a suit between the taxpayer and the county authorities, plaintiff must pay or tender payment of the taxes

due before equity will grant relief: *Warden* v. *Board of Supervisors,* 14 Wis. 672; *National Bank* v. *Kimball,* 103 U. S. 732; *State R. R. Cases,* 92 U. S. 575; *Huntington* v. *Palmer,* 8 Fed. 449; *Welch* v. *Clatsop County,* 24 Or. 452 (33 Pac. 934); *Dayton* v. *Multnomah County,* 34 Or. 239 (55 Pac. 25).

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

1.    The contention of plaintiff's counsel that the release of the mortgages in question and the repeal of the mortgage tax law rendered the tax sales void is without merit; for in *Dekum* v. *Multnomah County,* 38 Or. 253 (63 Pac. 496), it was held that a mortgage of real property given to secure the payment of a debt conveyed, for the purpose of assessment and taxation, an interest in the premises, and that a tax levied upon the debt and security created a lien upon such interest, which could not be discharged by releasing the mortgage.

2.    In *Smith* v. *Kelly,* 24 Or. 464 (33 Pac. 642), it was held that the repeal of the mortgage tax law did not destroy the remedy with respect to the existing mortgage taxes, because, by the tax system considered as an entity, these taxes were collectible under other provisions of the statute; that when a tax system is revised, and a former law repealed, the legislative intent is assumed, in the absence of any provision to the contrary, to be of prospective force only, and prior valid assessments were not affected thereby; and that the act of February 21, 1893 (Laws 1893, p. 85), read in connection with the repealing act of February 10 of that year (Laws 1893, p. 6), left no room for doubt as to the legislative intent in reference to the collection of the mortgage taxes levied prior thereto.

3.    Plaintiff's counsel assign many other reasons tending to show that the tax levied upon the respective debts and se-

curities is invalid, but, inasmuch as it has not tendered the sum so levied, it is not entitled to equitable interposition.   In *Welch* v. *Clatsop County,* 24 Or. 452 (33 Pac. 934), Mr. Chief Justice LORD, in commenting upon this principle, says : "In view of the authorities, the considerations which influenced a court of equity to restrain the collection of a tax are confined to cases where the tax itself is not authorized, or, if it is, that such tax is assessed upon property not subject to taxation, or that the persons imposing it were without authority in the premises, or that they had proceeded fraudulently." It will be remembered that this is a suit by a taxpayer to escape the burden which the law imposed upon it, and in such case the rule is well settled that a court of equity will not interfere by injunction to restrain the collection of the tax until the plaintiff has tendered the amount that can be shown to be due :  *Goodnough* v. *Powell,* 23 Or. 525 (32 Pac. 396) ; *Hibernian Benev. Soc.* v. *Kelly,* 28 Or. 173 (52 Am. St. Rep. 769, 42 Pac. 3) ; *Dayton* v. *Multnomah County,* 34 Or. 239 (55 Pac. 23).   Plaintiff's debts and mortgages were proper subjects of assessment, and the tax levied thereon was authorized by law and imposed by officers upon whom the duty devolved, who did not proceed fraudulently in the premises.   If any irregularity occurred or fraud was practiced in the attempt to collect the tax, whereby expenses were improperly or unlawfully incurred, it was nevertheless incumbent upon plaintiff, as a condition precedent to equitable relief from such expenses, to tender at least its ratable share of the public revenue, based upon the value of its property which had been protected under the law.   Much stress is laid by counsel for the appellant upon the case of *Hughes* v. *Linn County,* 37 Or. 111 (60 Pac. 843), in which it was held, in a suit to prevent a cloud upon the title to real property, instituted by a party who succeeded to the owner's estate therein by a conveyance thereof in satisfaction of a mortgage, that it was not necessary to

tender the taxes levied upon an assessment of said property, and charged against the former owner, as a condition precedent to equitable interference, Mr. Justice BEAN saying: "It is well to observe at the outset that this is not a suit to enjoin the collection of taxes, nor is it a controversy between the taxpayer and the county authorities." In the case at bar the primary object of the suit, when instituted, was to enjoin the collection of the taxes; but after the sale of the plaintiff's interest in the premises it became, by amendment, a suit to remove a cloud from its title, but at all times it was a controversy between the taxpayer and the county authorities, and hence it should have tendered the taxes levied upon its property. Not having done so, the decree is affirmed.

AFFIRMED.