Cunningham, P. J.
Plaintiff in error, Carson, held a United States receiver’s receipt for eighty acres of land in Morgan County, which receipt, issued to him on November 21, 1908, was recorded in Morgan County on December 31. 1908. This land lies within the boundaries of the Badger Irrigation district, organized February 17, 1909, Carson received a patent to' the eighty ac'res on July 26, 1909. On October 24, 1911, he filed his complaint in the Morgan District Court for the purpose of restraining' defendant in error, who was county treasurer of Morgan County, from making sale of. said land for the delinquent irrigation tax for the year 1910. In his complaint Car *132 son averred that he held the land under a receiver’s receipt as stated above, and also alleged:
“That the Badger Irrigation District was duly organized and formed, and the organization thereof completed on, to-wit, February 17, 1909, that at the time of its organization plaintiff’s interest in said described lands was evidenced by what is known, as a receiver’s rec'eipt issued out of the public land office at Denver, Colorado, on to-wit, November 21, 1908, many months prior to the organization of said district, which said receiver’s receipt is of record in the county clerk and recorder’s office of Morgan County,” etc.
The Court sustained 'a general demurrer to plaintiff’s complaint, and he brings the case here on writ of error. The sole question for our determination is presented in the following' quotation from plaintiff’s brief:
“Plaintiff contends that the irrigation act of Colorado covers only such owners of land as are owners in absolute fee simple, and that a holder of a receiver’s receipt is not such an owner.”
1. Plaintiff predicates his contention that lands held by a receiver’s rec'eipt can not be covered by the irrigation act and taken into an irrigation district upon the fact that in sections 3440, 3441 and 3442 R. S., such language as the following occurs:
“Whenever a majority of the resident free holders owning land in any district .desires to provide for the irrigation of the same, they may propose the organization of an irrigation district under the provisions of this act,” etc. — Section 3440 R. S.
And again:
“For the purpose of the establishment of an irrigation district as provided by this act, a petition shall be filed with the board of county commissioners of the county * * said petition shall be signed by a majority of the resident freeholders within said' district.” — Section 3441 R. S.
*133 There is no allegation in the complaint that the plaintiff was not fully, advised of all the steps leading up to the organization of the district, nor is there any averment that he in any wise protested or took any steps whatever to have his land excluded. Our attention has .been called to no case or authority of any kind directly in point. Plaintiff concedes that lands held under a receiver’s receipt are subject to taxation for state and county purposes; that they are subject to barter and sale, and that they may be Considered as marketable title. The authorities are harmonious to the effect that a receiver’s receipt is prima facie evidence of title, therefore, the plaintiff having plead that he held the land under a receiver’s receipt (which receipt he set out in his bill in hasec verba) and the defendant having demurred generally to the complaint, it would appear that plaintiff’s title, for the purposes of this Case, must be conceded as sufficient.
Plaintiff must have represented to the government that he had in good faith complied with all of the requirements of the federal law prerequisite to the issuance to him by the government of the receiver’s receipt, and his representations must have been relied upon by the government, else the receipt would not have issued. The only thing that could excuse the government, or relieve it from the necessity of issuing, in due time, a patent to the plaintiff, would be a discovery that the representations of plaintiff were false. Pie makes no contention here that he was not entitled to the receiver’s receipt which he had received, and therefore to a patent, and it is not perceived how he could be permitted to so contend. Moreover, .the patent having issued to him later on, as he avers in his complaint, it relates back to the date of the issuance of the receiver’s receipt, and shows conclusively that he had complied with all the requirements of the federal statute prerequisite to the issuing of a receiver’s receipt, and determines conclusively that his title at the time the district was .organized was unassailable, -even by the government. A receiver’s receipt, regular in all respects, both as to its form and *134 the antecedent acts of the entryman leading up to it, has been held to be good as against a subsequent patent issued by the government. In Simmons v. Wagner, 101 U. S. 261, 25 L. Ed. 910, it is said:
“It is well settled that when lands have once been sold by the United States and the purchase money paid, the lands sold are segregated from the public domain, and are no- longer subject to- entry. A subsequent sale and grant of the same lands to- another person would be absolutely null and void so long as the first sale continued in force. * * * Where the right to a patent has o-nce become vested in a purchaser of public lands, it is equivalent, so far as the government is concerned, to a patent actually issued. The execution and delivery of the patent, if the right to it has become complete, are the mere ministerial acts of the officers charged with that duty.” — Barney v. Dolfe, 97 U. S. 672, 24 L. Ed. 1063; Stark v. Starrs, 6 Wall. 402, 18 L. Ed. 925; Stoddard v. Chambers, 2 How. 284, 15 U. S. 124, 11 L. Ed. 269.
Our former Court of Appeals, in Dallemand v. Mannon, 4 Colo. App. 264, 35 Pac. 679, held that a receiver’s receipt constitutes record title upon the margin of which the word “Homestead” might be entered, so as to give the owner the benefit of the homestead act.
2. Plaintiff cites, and quotes at length from Fallbrook Irrigation Co. v. Abila, 106 Calif. 355, 39 Pac. 794. That case is not in point, for the reason that the receipt there under consideration was not a United States receiver’s receipt, but was a receipt issued by the registrar of the state land office, and was issued to- one who- had entered into a contract to purchase certain state lands, upon which he had paid but 20% of the purchase price. Commenting upon the receipt in this case, the California court says:
“Certificates of purchase, under the United States land system, are not issued until the entire purchase money has been paid, andi the cases arising under that system are no-tin point.”
*135 Plaintiff also cites and quotes at length in his brief from Gourley v. Countryman, 18 Okla. 220, 90 Pac. 430. While the Oklahoma court, in the Gourley case, does say that the certificate or receiver’s receipt does not convey the entire estate, but conveys an estate less than a fee, it also says:
“But until patent does issue, the certificate carries with it to- the purchaser the full equitable title, with all the benefits, immunities and burdens of ownership.”
If the federal government, as was said by Mr. Justice Field in Stark v. Starr, supra, in its dealing with the public lands, treats the right to a patent once vested as equivalent to a patent issued, we are unable to perceive why the state or any subdivision thereof dealing with such lands may not so regard and treat them.

Judgment Affirmed.