Submitted on brief December 20, 1915, affirmed January 18, 1916.

## CANNON *v.* HOOD RIVER IRR. DIST.

### (154 Pac. 397.)

**Waters and Watercourses—Constitutionality of Statute for Irrigation Taxes.**

1. Section 6186, L. O. L., providing for the levying of irrigation taxes on lands located in irrigation districts as contemplated by the act and in proportion to the benefits derived by each lot, parcel or tract of land within said district, and providing for the manner of collecting and disbursing such taxes, is not unconstitutional, and has been heretofore upheld by this court.

**Waters and Watercourses—Restraining Collection of Irrigation Tax—Pleading.**

2. In a suit to enjoin the collection of an irrigation tax levied and assessed under Section 6186, L. O. L., the complaint alleged that plaintiff is the owner of 120 acres within a certain district organized under Chapter 7, Title 41, L. O. L.; that only a small portion of the area is susceptible of irrigation; that the levy and assessment was so made simply because the lands were situated within said irrigation district, and not according to benefits; that all the tracts within the boundaries of such district were assessed by the same standard of valuation; that there is a difference between his lands and other lands in the district, but failed to indicate what the difference is, or to set out the number of acres that could be irrigated or in what way his lands differed from other lands, nor did he allege there was any difference in the location of his property with reference to the canal, or was any reason given why he would not be benefited to the same extent as other land owners

subject to the tax. *Held* that the first cause of the complaint did not state a cause of suit.

**Pleading—In Alleging Fraud Facts and not Conclusions must be Stated.**

3. In a suit to enjoin the collection of an irrigation tax levied and assessed on lands owned by plaintiff, it is not sufficient for the complaint to state that the assessment was fraudulent, but it is incumbent upon plaintiff to allege the facts upon which such fraud is based, and not mere conclusions, for fraud is never presumed.

**Taxation—When a Homestead Entry Becomes Subject to Taxation.**

4. Where a homestead entry has been made under the laws of the United States, final proof submitted, and final certificate issued, it operates to transfer an equitable estate, and immediately the land becomes liable to taxation, although the United States holds the title until the patent is issued. (Citing *Johnson* v. *Crook County*, 53 Or. 329 [100 Pac. 294, 133 Am. St. Rep. 834].)

**Waters and Watercourses—Taxation of Lands Included in Irrigation District.**

5. Where the title to lands that are included within the boundary of an irrigation district at the time such boundaries had been fixed pursuant to statute was in the United States, a levy and assess-ment of an irrigation tax thereon after the title had passed from the government to an individual was valid, for at the time of such transfer the lands were embraced within the limits of the irrigation district just as legally as they were within the limits of the county, and no further proceedings were necessary to lay a foundation for levying a tax thereon.

**Waters and Watercourses—Presumption that Irrigation District was Legally Organized.**

6. In a suit brought to enjoin the collection of an irrigation tax, and where the validity of the corporation is not in question, it will be presumed that the irrigation district was legally established.

**Waters and Watercourses—Restraining Collection of Irrigation District Taxes.**

7. Where plaintiff claimed that his lands, although lying within the boundaries of an irrigation district, were not susceptible of irrigation, being wet, swampy and requiring drainage, and there-fore irrigation would be injurious, *held* that the powers of an equity court could not be invoked to relieve plaintiff from taxation without benefit, until after he had demanded from the district board, and been refused, the right to have his lands set apart from the district.

**Taxation—Condition Precedent to Restraining Collection of Taxes.**

8. He who seeks equity must do equity, and before a taxpayer can be heard to urge the invalidity of a tax and restrain the collection of an alleged excessive levy, he must first pay or tender for pay-ment the amount legally levied.

[As to taxpayers' actions, see note in Ann. Cas. 1913C, 892.]

## From Hood River: WILLIAM L. BRADSHAW, Judge.

In Banc.   Statement by MR. JUSTICE BEAN.

This is an appeal by A. M. Cannon, for himself, and as trustee for Guy W. Talbot, George F. Nevins and Oscar Vanderbilt from a decree sustaining the demurrer to their complaint and dismissing the suit against the Hood River Irrigation District, a municipal corporation, and others.   His pleading alleges, in substance, that he is the owner in fee simple of 120 acres of land described therein situated in the Hood River irrigation district; that the defendant was organized and is existing under the provisions of Chapter 7, Title 41, L. O. L.; that during the year 1909, under the provisions of Section 6186, L. O. L., the district assessor assessed 80 acres of plaintiff's land at $18,000 for the purpose of paying interest on bonds issued by the district in 1905, to the amount of $100,000, and for construction expenditures incurred by it, the tax amounting to $252.   The plaintiff seeks to restrain the collection of such tax upon three separate grounds: (1) That the composition of the soil and the topographical formation is such that but a small portion of the whole area is susceptible of irrigation, and the irrigation of the land is of doubtful expediency; that the officers levied the assessment simply because his lands are within the boundaries of the district, and not according to the benefit derived; and that for the same year they assessed all the tracts therein by the same standard of valuation to an amount sufficient at 14 mills on the dollar to pay the interest and expenses of the district; (2) that at the time of the organization of the district the title to the lands on which the assessment was made was in the government of the United States and so remained until April 11, 1907, when patent issued; that no steps had been taken after the issuance of the patent to include the lands within

the boundaries of the district prior to the assessment, therefore the same were not legally within such boundaries, and for that reason the assessment was null and void; (3) that the assessor of the district for the purpose of the assessment illegally placed a valuation of $225 an acre on 80 acres of his land, well knowing that the same was not worth to exceed $100 an acre, and that such valuation was so fixed fraudulently and capriciously for the purpose of compelling the plaintiff to pay more than his equable share of the taxes of such district; and that the assessor was unfair, in that he apportioned to plaintiff a greater number of acres of the whole area of his tract than he did to other residents of land of the same character of about the same or greater area.

The defendant demurred to the complaint for the reason that the same did not state facts sufficient to constitute a cause of suit.          AFFIRMED.

For appellants there was a brief submitted by *Mr. A. M. Cannon.*

For respondents there was a brief over the name of *Mr. E. E. Stanton.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. Section 6186, L. O. L., provides:

"The district assessor must, between the first Monday in March and the first Monday in June of each year, assess all the lands situated in the district as hereinafter stated. He must view and assess upon the lands situated in the district a charge sufficient to pay all charges and expenses, and all obligations incurred by virtue * * of the issuing of any bonds, as herein contemplated, for the construction, purchase, or acquisition of any canals, works or property as contemplated in this act. And all lands situated within

said district shall be assessed and a charge placed thereon, in the manner herein contemplated, in proportion to the benefit derived by the construction * * of any canals, works or property, according to the benefit of each lot, parcel or tract of land actually and separately received, which charges must be collected and paid into the district treasury and must be placed to the credit of the district, and paid out as in this act provided."

It is contended by plaintiff that the statute pursuant to which the tax was levied is unconstitutional. The law is valid and has been upheld and action thereunder sustained by this court in several cases, namely, *Board of Directors* v. *Peterson,* 64 Or. 46 (128 Pac. 837, 129 Pac. 123) ; *Payette-Oregon Slope Irr. Dist.* v. *Peterson,* 76 Or. 630 (149 Pac. 1051) ; *Rathfon* v. *Payette etc. Irr. Dist.,* 76 Or. 606 (149 Pac. 1044). Laws of the same purport have been enacted and upheld by the courts in several states.

2. The complaint of plaintiff is a general one. While he alleges that but a small portion of the whole area of the 120-acre tract is susceptible of irrigation, no statement is found as to how many acres can be so irrigated. A portion of his lands being situated so as to be irrigated from the system then being constructed, the same would be benefited thereby. While plaintiff indicates that there is a difference between his land and other tracts assessed in the district, he makes no mention of what the difference is, or whether it is trifling or substantial. He avers that 80 acres of his domain were assessed at $225 an acre, and that other lands in the district were taxed by the same standard of valuation; yet it is not alleged that there was any difference in the location of his property with reference to the canal, or otherwise, or any reason shown why he would not be benefited to the same extent as

other land owners subject to the tax. The first cause of the complaint does not state a cause of suit.

3. The third separate cause of suit, to the effect that the assessor placed a valuation of $225 an acre upon the land when he knew at the time that it was not worth in excess of $100 an acre, and that the assessment was fraudulently and capriciously made for the purpose of compelling the plaintiff to pay more than his equable share of the taxes, is a mere conclusion. Facts are not stated showing that other acres in the district were not assessed upon the same valuation, and in order for the plaintiff to be injured his assessment must be shown to be out of proportion to that of the other lands taxed. It is not sufficient for the plaintiff to allege that the assessment was fraudulent, but it is incumbent upon him to state the facts upon which such wrong is based. Fraud will not be presumed: *Southern Oregon Co.* v. *Coos County,* 39 Or. 185 (64 Pac. 646).

4. The second cause of suit alleges that at the time of the organization of the district the title to the lands was in the government of the United States. It does not show whether at that time the final certificate for the land had been issued by the United States Land Department.

Where a homestead entry has been made under the laws of the United States, final proof submitted, and final certificate issued, it operates to transfer an equitable estate, and immediately renders the land liable to taxation, although the United States holds the title until the patent issues: *Johnson* v. *Crook County,* 53 Or. 329 (100 Pac. 294, 133 Am. St. Rep. 834) ; 37 Cyc. 867.

5. However, the tax upon the tract in question was not levied prior to the issuance of the patent. The

boundary lines of the irrigation district had been fixed pursuant to the statute in so far as shown by the complaint, and when the title passed from the government of the United States the land was embraced within the limits of the irrigation district just as legally as it was within the limits of the county; and no further proceedings were necessary in order to lay a foundation for levying a tax thereon. If the plaintiff was dissatisfied on account of his land being included within the district, he should have pursued the remedy pointed out by the statute.

6. This is not an action to test the validity of the corporation, and we must assume that the district was legally organized: *Oregon S. L. Ry. Co.* v. *Pioneer Irr. Dist.*, 16 Idaho, 578 (102 Pac. 904).

7. In *Andrews* v. *Lillian Irr. Dist.*, 66 Neb. 458 (92 N. W. 612, 97 N. W. 336), where an irrigation district was formed under a law similar to ours, plaintiff claimed that his lands were not susceptible of irrigation, were wet and swampy, requiring drainage, and that irrigation would be injurious. It was held that the equitable powers of the court could not be invoked to relieve the plaintiff from the burden of taxation without benefit until after he had demanded from the district board, and been refused, the right to have his lands set apart from the district. The law governing irrigation districts has been three times amended since the tax in question was levied.

8. Passing the matter of the manner of asserting the complaint, there is another potent reason why the plaintiff cannot enjoin the collection of the tax. One invoking the powers of a court of equity must do equity, and before a taxpayer can be heard to urge the invalidity of a tax and enjoin the collection of an excessive levy, he must first pay or tender for payment

the amount legally levied. The plaintiff fails to allege that he has done this: *Brown* v. *School Dist.*, 12 Or. 345 (7 Pac. 357); *Goodnough* v. *Powell,* 23 Or. 525 (32 Pac. 396); *Hibernian Ben. Soc.* v. *Kelly,* 28 Or. 173 (42 Pac. 3, 52 Am. St. Rep. 769, 30 L. R. A. 167); *Dayton* v. *Multnomah Co.,* 34 Or. 239, 247 (55 Pac. 23); *Alliance Trust Co.* v. *Multnomah County,* 38 Or. 433, 437 (63 Pac. 498). The complaint is vulnerable to the demurrer.

There was no error in the ruling of the lower court, and the judgment is affirmed.          AFFIRMED.

MR. JUSTICE EAKIN took no part in the consideration of this case.

MR. JUSTICE HARRIS did not sit.