NILE IRR. DIST. et al. v. GAS SECURITIES CO.

(Circuit Court of Appeals, Eighth Circuit. February 1, 1918.)

No. 4953.

1. TAXATION ⟨⟩249—IRRIGATION DISTRICTS—EXCLUSION OF LANDS.

While Rev. St. Colo. 1908, § 3458, declares that in no case shall any land be taxed for irrigation purposes which from any natural cause cannot be irrigated or is incapable of cultivation, yet, as the exemption provided by section 3440 with respect to lands already irrigated is lost, unless claimed, the exemption contained in section 3458 is waived, where entrymen on public lands, instead of objecting to the inclusion of their lands within an irrigation district, petitioned for inclusion as soon as they should acquire a freehold title.

2. WATERS AND WATER COURSES ⟨⟩226—IRRIGATION DISTRICTS—EXCLUSION OF LAND.

The provision for payments on inclusion of lands in an irrigation district, contained in Rev. St. Colo. 1908, § 3474, is for the benefit of the district, and may be waived; hence lands, having been included within a district, cannot be excluded therefrom because compliance with the pro-vision was not required.

3. WATERS AND WATER COURSES ⟨⟩226—IRRIGATION DISTRICTS—EXCLUSION.

Under Rev. St. Colo. 1908, § 3484, the board of directors of an irriga-tion district cannot exclude lands therefrom on petition of the owners, where there are outstanding bonds.

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Suit by the Gas Securities Company against the Nile Irrigation Dis-trict and others. From a decree for complainant, defendants appeal. Affirmed.

Walter S. Coen, of Ft. Morgan, Colo., and Max D. Melville and I. B. Melville, both of Denver, Colo., for appellants.

Platt Rogers, James Grafton Rogers, and Edmund Rogers, all of Denver, Colo., for appellee.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

MUNGER, District Judge. The District Court enjoined the direc-tors of a Colorado irrigation district, on the application of a holder of its bonds, from making an order excluding lands alleged to be embrac-ed in the district. An appeal is prosecuted from that decree. The district was formed under the laws of Colorado providing for the organization and management of irrigation districts. Sections 3440–3494, Rev. Stats. of Colorado 1908. In a general way this portion of the statutes is modeled upon the Wright Act, adopted by California in 1887 (St. 1887, p. 29), and its subsequent amendments, but there are some important differences between them. The general scheme of organization requires petitions for the formation of the district to be presented to the county board and a hearing to be accorded to those interested, and then the county board may make an order defining the district's boundaries. A vote of landowners in the district follows on

the question of ratification of the organization. If bonds are issued, a proceeding may be had in the state court for the confirmation of the issue. Section 3440 of the Colorado Statutes is as follows:

"Whenever a majority of the resident freeholders owning lands in any district desire to provide for the irrigation of the same they may propose the organization of an irrigation district under the provisions of this act, and when so organized each district shall have the powers conferred or that may hereafter be conferred by law upon such irrigation district: Provided, that where ditches, canals or reservoirs have been constructed before the passage of this act, such ditches, canals, reservoirs and franchises, and the lands watered thereby, shall be exempt from the operation of this law, except such district shall be formed to purchase, acquire, lease or rent such ditches, canals, reservoirs and their franchises.".

Section 3441 provides for petitions by freeholders of the proposed district asking the county board to create the district and to define its boundaries, and for notice by publication of a hearing upon the application. Section 3442 gives the county board power to fix the boundaries of the district, but contains this proviso:

"Provided, that said board shall not modify such proposed boundaries described in the petition so as to change the objects of said petition or so as to exempt from the operation of this act any land within the boundaries proposed by the petition susceptible to irrigation by the same system of waterworks applicable to other lands in such proposed district; nor shall any land which will not in the judgment of the board be benefited by such proposed system be included in such district if the owner thereof shall make application at such hearing to withdraw the same."

Other provisions of the statutes are as follows:

Section 3450: "All waters distributed shall be apportioned to each landowner pro rata to the lands assessed under this act within such district. The board of directors shall have power to lease or rent the use of water or contract for the delivery thereof to occupants of other land within or without the said district at such prices and on such terms as they deem best, provided the rental shall not be less than one and one-half times the amount of the district tax for which said land would be liable if held as a freehold."

Section 3458: "It shall be the duty of the county assessor of any county embracing the whole or a part of any irrigation district, to assess and enter upon his records as assessor in its appropriate column, the assessment of all real estate, exclusive of improvements, situate, lying and being within any irrigation district in whole or in part of such county. Immediately after said assessment shall have been extended as provided by law, the assessor shall make returns of the total amount of such assessment to the county commissioners of the county in which the office of said district is located. All lands within the district for the purposes of taxation under this act shall be valued by the assessor at the same rate per acre: Provided, that in no case shall any land be taxed for irrigation purposes under this act, which from any natural cause cannot be irrigated, or is incapable of cultivation."

Section 3471: "The holder or holders of title, or evidence of title, representing a majority of the acreage of any body of land adjacent to or situate within the boundaries of any irrigation district, may file with the board of directors of said district a petition in writing, praying that such lands be included in such district. The petition shall describe the tracts, or body of land owned by the petitioners, but such description need not be more particular than is required when such lands are entered by the county assessor in the assessment book. Such petition shall be deemed to give the assent of the petitioners to the inclusion in said district of the lands described in the petition, and such petition must be acknowledged in the same manner that conveyances of land are required to be acknowledged."

Section 3473: "The board of directors, at the time and place mentioned in

said notice, or at such time or times to which the hearing of said petition may adjourn, shall proceed to hear the petition, and all objections thereto, presented in writing by any person, showing cause as aforesaid, why said petition should not be granted. The failure of any person interested to show cause, in writing, as aforesaid, shall be deemed and taken as an assent on his part to the inclusion of such lands in said district as prayed for in said petition."

Section 3480: "Any tract of land included within the boundaries of any such district, at or after its organization, under the provisions of this act, may be excluded therefrom, in the manner herein prescribed, but such exclusion of land from the district shall not impair or affect its organization, or its rights in or to property, or any of its rights or privileges of whatever kind or nature; nor shall such exclusion affect, impair or discharge any contract, obligation, lien or charge for or upon which it would or might become liable or chargeable, had such land not been excluded from the district."

Section 3484: "The board of directors, if they deem it not for the best interest of the district that the lands mentioned, in the petition or some portion thereof, should be excluded from said district, shall order that said petition be denied; but if they deem it for the best interest of the district that the lands mentioned, in the petition, or some portion thereof, be excluded from the district, and if there are no outstanding bonds of the district, then the board may order the lands mentioned in the petition, or some defined portion thereof, to be excluded from the district."

A petition was presented to the county board for the organization of the appellant district, and the county board made an order, after a hearing, defining its boundaries. Subsequently bonds were issued by the district, and the District Court, after a hearing upon the regularity of the proceedings, confirmed the issue of bonds. At the time the district was organized its boundaries included some lands that were a part of the public domain, and which were occupied by claimants who had initiated entries under the homestead and desert land laws of the United States. After the district was organized, and before the claimants had made final proofs or had earned the right to have patents issued to them, these occupants of the public land presented a petition to the district board for the inclusion of these lands in the district. Each agreed to use diligence to make final proof and to acquire title, and in the meantime to rent the use of water from the district in accordance with the irrigation district statutes and to pay therefor an amount equal to 1½ times the amount of the district tax for which the land would be liable, if it had been held as a freehold at the time the district was organized. It was further agreed that when final proof was made and title was acquired the petition should operate as a petition for the inclusion of the land in the district and that the petitioners would pay to the district a sum equal to the amount that they would have been required to pay as assessments for the payment of the district's bonds, if these lands had been included in the district at its organization. After final proofs had been made on some of these lands, the district board passed a resolution including them in the district. Afterwards these landowners and some of the petitioners who had not made final proofs filed a request that the district board exclude their lands from the district. This bill was filed to enjoin the district board from making an order of exclusion of the lands. The board admits that it will make the order unless restrained in this suit, and claims the right to do so because portions of these lands from natural causes cannot be irrigated and are incapable of cultivation, and because the

board had not required the owners of lands included to pay their pro rata shares of past-due assessments and offered proof of these defenses; but the trial court was of the opinion that neither of these grounds justified the board's proposed action and enjoined it from making any order excluding lands embraced in the district.

[1] Appellants' claim that the board may exclude land, if from natural causes it cannot be irrigated or is incapable of cultivation, because, under the provisions of section 3458 above cited, such lands cannot be taxed for irrigation purposes, and there is no other reason for retaining them in the district. The claim is not without support of authority under somewhat similar statutes. Andrews v. Lillian Irr. Co., 66 Neb. 458, 92 N. W. 612, 97 N. W. 336; State v. Several Parcels of Land, 80 Neb. 424, 114 N. W. 283; Sowerwine v. Central Irr. Dist., 85 Neb. 687, 124 N. W. 118; Wight v. McGuigan, 94 Neb. 358, 143 N. W. 232. See, also, Lundberg v. Green River Irrigation Dist., 40 Utah, 83, 119 Pac. 1039; Laws of Utah 1909, c. 74, § 19. The general rule under such irrigation statutes is that the objection that lands will not be benefited by inclusion in an irrigation district must be made by landowners at the time the district is organized, when a hearing is afforded for that purpose, or it will be waived. Board of Directors of Modesto Irrigation Dist. v. Tregea, 88 Cal. 334, 26 Pac. 237; Cullen v. Glendora Water Co., 113 Cal. 503, 39 Pac. 769, 45 Pac. 822, 1047; Knowles v. New Sweden Irr. Dist., 16 Idaho, 217, 101 Pac. 81; Oregon Short Line R. Co. v. Pioneer Irrigation Dist., 16 Idaho, 578, 102 Pac. 904; Smith v. Progressive Irr. Dist., 28 Idaho, 812, 156 Pac. 1133; Hanson v. Kittitas Reclamation Dist., 75 Wash. 297, 134 Pac. 1083; Herring v. Modesto Irr. Dist. (C. C.) 95 Fed. 705–722; Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 168, 17 Sup. Ct. 56, 41 L. Ed. 369.

The provision for exemption from taxation found in section 3458 of the Colorado Statutes is not more explicit than the provision found in section 3440, whereby lands watered by ditches constructed before the passage of the act are exempted from the operation of the act, which includes the right of taxation. In the case of Wilder v. Board of Directors of South Side Irr. Dist., 55 Colo. 363, 135 Pac. 461, the Supreme Court of Colorado, construing the terms of this irrigation act, held that a landowner, who would have been entitled to the protection of the proviso in section 3440, waived the benefit of its terms, if he did not appear at the hearing for the organization of the district, or at the proceedings for confirmation of the bond issue, and submit his objections to inclusion in the district. If one whose lands are already watered by a sufficient system of irrigation may be included in the district for failure to make such objection, there is no reason why one whose lands cannot be watered by the proposed plan should not also make his objections in a similar manner, or be held to have waived the right to object subsequently. No objection is shown to have been made by petitioners, either to the formation of the district or to the confirmation of the issue of bonds; but on the contrary, petitioners gave their formal written assent to be included in the district after final proofs had been made on their lands and title was acquired, and agreed

that the board could proceed on such petitions to receive their lands into the district. Section 3471 of the Colorado Statutes enacts that such a petition by one holding evidence of title shall be deemed to give the assent of the petitioners to the inclusion of the lands within the district. The effect of such a petition by an entryman of the public lands is also to give his assent to such inclusion, when he has earned the right to a patent, and has made no objection either to the formal inclusion of his lands or to the confirmation of the issue of bonds. Cannon v. Hood River Irr. Dist., 79 Or. 71, 154 Pac. 397; Carson v. Cudworth, 26 Colo. App. 131, 140 Pac. 935.

[2, 3] By the terms of section 3474 of the Colorado Statutes, the board of directors, to whom is presented a petition for inclusion in an irrigation district, may require, as a condition precedent to granting its prayer, that the petitioners pay to the district such respective sums, as nearly as can be estimated by the board, as the petitioners would have been required to pay to the district as assessments for the pro rata share of bonds issued. The petition that was presented to the board contained an agreement for the payment of such amounts, but the board made the order of inclusion without first requiring payment by the petitioner. This provision was for the benefit of the district and is not made a condition precedent by the statute, and the board waived the requirement of payment at that time by its action in including the lands. Under the terms of section 3484 of the Colorado Statutes, the board has power to exclude lands from the district, upon petition of the owners thereof, but their power is subject to the limitation that there are no outstanding bonds of the district. As the lands upon which final proof was made were included in the district, the board was without power to exclude them therefrom, and the injunction was properly issued restraining the board from taking such action.

Some questions have been argued as to the right of the board to exclude the lands of claimants under the public lands laws, who had not made final proofs; but, as it is not shown that an order had been made including such lands, the subject does not require further attention.

The decree will be affirmed.