### DRAKE *v.* GROUT ET AL.

[No. 2,694.    Filed February 2, 1899.]

PLEADING.—*Complaint.—Exhibit.*—A paper, not the foundation of the action, cannot be made a part of the complaint by attaching it thereto and naming it an exhibit.   *p. 535.*

STREET IMPROVEMENTS.— *Assessment.—Answer.*— Under section 5, Acts 1895, p. 386, an answer to a complaint in an action to foreclose a lien for an assessment for street improvement, which avers that the whole cost of the improvement was assessed against defendant's lot, and none against the property on the opposite side of the street, and that defendant has signed no waiver, or claimed the option of paying assessments in installments, but has paid one-half of the total cost of the improvement, states a good defense.   *pp. 535-537.*

From the Marion Superior Court.   *Affirmed.*

*E. A. Parker,* for appellant.

*H. J. Milligan,* for appellee.

COMSTOCK, J.—Appellant instituted this action against appellees to foreclose a lien for street improvement assessment against lot No. 1 of Fletcher's addition to the city of Indianapolis. The work contracted to be done was the filling of what is designated in the complaint as the "State Ditch" in the city of Indianapolis. A copy of the contract for the performance of the work entered into between the board of public works of said city and appellant, and of the assessment roll for said work, are made parts of the complaint. An attempt is made to show the location and direction, with reference to said lot, of the ditch by a diagram, which is filed with the complaint as an exhibit. This exhibit is not, however, the foundation of the action, and cannot be made a part of the complaint by attaching it thereto and naming it an exhibit.

Appellees filed the following answer: "For answer to the amended complaint herein, the defendants say that the contract for the improvement of Columbia avenue, mentioned in the complaint, was awarded to the plaintiff as alleged, but that the price for said improvement was three and 50-100 dollars ($3.50) per lineal foot on each side of said street, including street intersections; that the total length of said improvement was twenty (20) feet, and the total cost of said improvement was one hundred and forty dollars ($140.00); that one-half of the street intersections was apportioned upon the lots and land abutting upon the intersecting street for a distance to the street line of the first street extending across the said intersecting street in either direction from said Columbia avenue in the sum of thirty-five dollars ($35.00), leaving one hundred and five dollars ($105.00) to be assessed upon the property on Columbia avenue abutting upon the part of the street improved as alleged in the com-

plaint. And defendants say that the whole of said one hundred and five dollars ($105.00) was assessed upon the property of the defendant Charles S. Grout, and no part of the said one hundred and five dollars was assessed upon the property directly opposite the property of said defendant Charles S. Grout, nor upon any other property. And on account of said intersecting street the said property of Charles S. Grout was assessed of said thirty-five dollars the sum of four and 37-100 dollars ($4.37), which he fully paid before this action was begun; and said Charles S. Grout also paid, before this action was begun, the one-half of said one hundred and five dollars, to wit, the sum of fifty-two and 50-100 dollars, and all interest thereon. And defendants say that said assessment is improper and illegal; that before this action was begun the full amount for which the property mentioned in the complaint was liable on account of said improvement was fully paid, and neither defendant has signed any waiver, or exercised or claimed the option of paying the assessments in installments." The demurrer to this answer, upon the grounds that it did not state facts sufficient to constitute a defense to plaintiff's cause of action, was overruled. Appellant refusing to plead further, judgment was rendered against him for costs. This action of the trial court is the error presented by this appeal.

It will be observed that the answer attacks only the amount of the assessment. Under the statute, this right is given when, as in the case before us, the property owner has not signed any waiver, or exercised or claimed the option of paying the assessments in installments. Acts of 1895, pp. 386, 387. Section 5 of the same act at page 384 provides: * * * "the cost of any street or alley improvement shall be estimated according to the whole length of the street or

alley, or so much thereof to be improved as is uniform in the extent and kind of the proposed improvement per running foot, and the total cost thereof, exclusive of one-half the cost of street and alley intersections, shall be apportioned upon the lands or lots abutting thereon. The remaining one-half cost of street and alley intersections shall be apportioned upon the lands or lots abutting on the street or alley intersecting the street or alley under improvement for a distance to the street line of the first street extending across the said intersecting street or alley in either direction from the street or alley improved," etc.

The record presents a case of ordinary street improvement, in which it appears from the answer that the property against which it is sought to enforce the lien has paid one-half the cost of the improvement, which is all, under the averments of the answer and the statute, that could be legally assessed against it.

Judgment affirmed.