## THE MARION BOND COMPANY, TRUSTEE, *v.* JOHNSON.

[No. 3,850. Filed June 17, 1902.]

MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Assessments.*—*Special Benefits.*—Section 3846 Burns Supp. 1897 gives a property owner the right to contest the amount of an assessment for street improvements, upon the question of special benefits received, in an action to foreclose the lien.

From Marion Superior Court; *Vinson Carter,* Judge.

Marion Bond Co. v. Johnson.

Action by the Marion Bond Company against Harry O. Johnson to enforce a street improvement assessment. From a judgment in defendant's favor, plaintiff appeals. *Affirmed.*

*S. M. Richcreek,* for appellant.
*J. W. Kern,* for appellee.

WILEY, C. J.—The board of public works of the city of Indianapolis ordered a certain street in said city to be improved by grading and graveling the roadway and cementing the sidewalks. The improvement was ordered and the assessment made under the provisions of the act of 1891, as amended in 1895. Acts 1891, p. 137, Acts 1895, p. 384. Appellee owned a lot abutting on the street, which was assessed $267.50. The contractor assigned the lien of the assessment to appellant, and it brought this action to foreclose and enforce the lien. No question is raised as to the complaint. Appellee answered in two paragraphs: (1) A general denial; and (2) affirmative matter in bar. The court made a special finding of facts, and stated its conclusions of law thereon. To the second paragraph of answer appellant demurred. Overruling the demurrer is assigned as error, but, as the same question is presented under the exceptions to the conclusions of law, the two may properly be considered together.

The special findings and conclusions of law are very brief, and we quote them in full, as follows: "(1) That on the 29th day of September, 1899, the board of public works of the city of Indianapolis reported in writing to the comptroller, department of finance of said city, an estimate roll for the grading and graveling roadway and cement walks on Clifton street, in said city, from Roach avenue to Thirty-first street; which estimate roll recites that said improvement was authorized by special improvement resolution No. 314, 1898, based upon the terms of the contract of W. H. Abbott, contractor for said work, approved by said board on

the 23d day of December, 1898; that the price bid by said contractor was $1.93; that the total cost of said improvement was $8,160.62; that there was assessed against lot twenty-one, in square twenty-three, Braden *et al.*, N. I. addition, assessed in the name of Samuel Kaley, but owned by defendant Harry O. Johnson, on account of said improvement, the sum of $267.36.    (2) That on the same date the said board certified in writing to said city comptroller that the entire work of improving said roadway and sidewalks of Clifton street from Roach avenue to Thirty-first street, by grading and graveling roadway and paving the sidewalks with cement as authorized by improvement resolution No. 314, 1898, and according to the terms and conditions of the contract of W. H. Abbott, was approved and accepted, and the final estimate therefor allowed; and that the assessment against property holders was neither more nor less than shown upon the assessment roll hereinbefore referred to.    (3) That on the 17th day of November, 1899, the said W. H. Abbott contractor, by a written paper, which was and which is without any revenue stamp of the government of the United States, assigned and transferred to the plaintiff, for value received, all his interest in the assessment against the said lot twenty-one, in block twenty-three, in Braden *et al.*, N. I. addition.    (4) That no part of said assessment against said lot has been paid.    (5) That the fair market value of said lot twenty-one, immediately before the said improvement was ordered and made, was $250, and that immediately after the completion of said improvement the lot was of the fair market value of $350.    (6) That the said lot was specially benefited by the improvement aforesaid to the extent and in the amount of $100, and no more.

"And as conclusion of law upon the facts, the court finds: (1) That the plaintiff is entitled to foreclose and enforce a lien on said real estate for the sum of $100, with interest and $10 attorney's fees.    (2) That as to the sum of

$167.36, the assessment sued on, is illegal and void, as being in excess of the benefits accruing to said real estate by the improvement in controversy."

Upon the conclusions of law, the court entered a decree foreclosing the lien of the assessment, for $100, $10 attorney's fees, etc. It is plain from the finding of facts and conclusions of law that appellee defended upon the theory that in an action to foreclose the lien of the assessment, he had a right, under the statute, to contest the amount of his assessment. The defense rests upon the proposition that appellee's property was not benefited to the extent of the assessment, and hence the assessment in excess of the benefits accruing is invalid, and can not be enforced. The court found that appellee's lot, immediately before the improvement was made, was worth $250, and immediately after it was completed it was worth $350. It is also found that the lot was specially benefited to the extent of $100 and no more.

Assessment for street improvements are upheld on the ground that the adjacent property upon which the cost of the improvement is assessed is enhanced in value to an amount equal to the sum assessed against it, and that the owner has received peculiar benefit which the citizens do not share in common. *Quill* v. *City of Indianapolis,* 124 Ind. 292, 7 L. R. A. 681; *Heick* v. *Voight,* 110 Ind. 279; *Ross* v. *Stackhouse,* 114 Ind. 200. Statutes providing for street improvements and the assessment of abutting property, are upheld upon the ground that the property assessed is specially benefited to the amount of the assessment. In the present case it is found as a fact that the assessment against appellee's property was $17.36 in excess of its value, and that it was only enhanced in value by the improvement $100. If the city of Indianapolis, through its board of public works, has power to fasten assessments upon lots or lands for street improvements in excess of the value of such lots, regardless of special benefits, it is clothed with power to confiscate private property, and the lot owner is left with-

out remedy.   Such power, if it exists, is also violative of the principle that assessments against abutting property, for the payment of the costs of street improvements, is upheld upon the ground that such property is actually benefited to the amount of the assessment.   If appellee had a right to contest the amount of his assessment, in the action to foreclose the lien, such right depended upon the statute.

Our attention is called to §75 of the act of 1891, as amended in 1895, being §3846 Burns Supp. 1897.   By that section it is provided that: "A property owner who has not, or property owners who have not signed a waiver or exercised or claimed the option to pay in instalments, may, however, contest the amount of his or their assessments."   The right to contest the amount of the assessment, under this statute, is given in the suit to foreclose the lien.

Appellee relies upon the case of *City of Indianapolis* v. *Holl,* 155 Ind. 222, to support the judgment of the lower court.   In that case it was held, that in an action to foreclose the lien of a street improvement assessment, the property owner who had not signed a waiver could contest the amount of his assessment in the absence of a statute excluding such right.   The court there said: "The lots and lands abutting upon the improvement are, unquestionably, subject to assessment on account of such improvement, and, under the rule spoken of, the only limitation upon such liability is that such assessment can not lawfully exceed the amount of the special benefits received by such lots and lands.   Any mode of assessment prescribed by the legislature, whether the front-foot rule or any other, is to be regarded as subject to this condition, and, unless inquiry into the question of special benefits is excluded or prohibited by the statute, such inquiry may properly be made by any tribunal before which the question of the collection of the assessment is brought."
At the time the assessment was made against the appellee's lot, and the lien fixed, there was no statute prohibiting a property owner from contesting the amount of his assess-

ment in a suit to foreclose the lien. Appellee, therefore, under the Holt case, had a right to contest the right of his assessment, and to contest it upon the question of special benefits. This he successfully did, and the conclusion reached by the trial court finds support in the case relied upon.

Judgment affirmed.