## HELM ET AL. *v.* WITZ.

[No. 5,174. Filed March 17, 1905.]

1. MUNICIPAL CORPORATIONS.—*Towns.*—*Street Improvements.*—*Assessments.*—A town board has the statutory right to pay all, part or none of the cost of a street improvement from the general funds, and if it decides to assess the property benefited to pay the cost thereof, it must assess such property according to statute. p. 134.

2. SAME.—*Street Improvements.*—*Assessment of Property.*—A lot fronting on a street where it is being improved and whose only means of access is by such street is assessable for the cost of the improvement thereof. p. 134.

3. SAME.—*Street Improvements.*—*Assessment.*—Where a town board decides to charge the cost of a street improvement upon the abutting property, an assessment against a part only of such abutting property is invalid. p. 135.

4. SAME.—*Street Improvements.*—*Assessment.*—*Validity.*—Where a town board's first assessment of property for street improvements is void, it may make another assessment. p. 135.

5. SAME.—*Street Improvements.*—*Ordinance.*—*Invalid in Part.*—An ordinance, ordering street improvements to be made and charged against the abutting property, and containing a clause limiting the

property to be charged to the lots lying on the north side of the street to be improved, is valid, except such limitation which is void, p. 135.

6.  PLEADING.—Complaint.—Street Assessment.—Description of Lots Assessed.—A complaint to foreclose a street improvement lien, which sets out as an exhibit a copy of the assessment which contains only a reference to the engineer's report for a complete description, and which also sets out a description of the lot as contained in such report, is sufficient as to the description of such lot. p. 136.

7.  SAME.—Complaint.—Foreclosure of Street Improvement Lien.— Proceedings of Municipal Corporation.—How Averred.—A complaint to foreclose a street improvement lien is not required to set out the different proceedings of the municipal corporation leading up to the assessment, a general averment that all things required by the statute to be done were rightfully done being sufficient, but the assessment itself must be set out. p. 137.

From White Circuit Court; *T. F. Palmer*, Judge.

Action by Alvin Witz against Edna Helm and husband. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Reynolds, Sills & Reynolds,* for appellants.
*Guthrie & Bushnell,* for appellee.

ROBINSON, P. J.—This is an action to collect an assessment for a street improvement. North street in the town of Monticello runs east and west. Lying immediately north of North street, and parallel with it, is High street, thirty feet wide. Appellant Edna Helm owns real estate which abuts on the east end of High street. On September 4, 1900, a petition for the improvement of High street, signed by appellant Edna Helm and other property owners, was presented to the board of town trustees, the petition stating that the petitioners owned property on the street to be improved. The board ordered the engineer to establish a grade and prepare plans and specifications for the improvement, and on the 16th day of October, 1900, adopted a resolution that the board deemed it necessary to improve High street in accordance with the specifications on file in the office of the engineer, and that the total cost of the improvement should be assessed per lineal foot upon the real estate abutting on

the north side of the street.  On January 25, 1901, the board adopted an ordinance for the improvement of the street as provided for in the declaratory resolution, and that the cost of the improvement should be charged and apportioned to the lots and lands abutting on the north side of the street, and that the clerk should give notice of the letting of the contract for the construction of the improvement by giving ten days' notice.  Notice of the letting of the contract was given, and afterwards, on April 16, 1901, the contract for the construction of the improvement was let to appellee, Alvin Witz, who entered into a written contract with the board, and who has fully performed his contract. On June 17, 1901, the engineer filed his first and final estimate of the cost, and the board appointed a committee to hear grievances on account of such improvement.  On July 22, 1901, this committee filed its report, which report the board, on the same day, voted to amend in certain particulars, and thereupon assessed certain property therein described, but the property of appellant Edna Helm was not assessed.  On November 4, 1902, the board, by resolution, vacated and canceled the assessment made as above stated, and on the same date entered upon its record a finding that appellee had completed the work, and ordered the engineer to make a final estimate of the cost.  The engineer then filed his final estimate and apportionment of costs, and reported that the property of appellant Edna Helm abutted on the east end of High street, and set out a description of her property.  Thereupon the board appointed a committee, which afterwards met pursuant to notice to hear complaints, and, after considering the report of the engineer, reported that the engineer's report should be altered and amended. On the 2d day of December, 1902, the board approved and adopted the committee's report, and amended the report of the town engineer, and proceeded to assess the cost of the improvement against the property abutting on High street. Included in the property so assessed is the property of appel-

lant Helm, which abuts on the east end of High street, but which does not abut on the north side of the improvement. High street is the only public highway that affords any practical means of access to appellant Helm's property. The court found that the amount of the assessment against her property, including attorneys' fees, was $130.12. Upon conclusions of law the court rendered judgment, and decreed that the lien of the assessment be foreclosed.

The material question presented by this appeal is whether the assessment as finally made is valid. Appellants' counsel contend that when the board made an assessment it could not, after final action, set the assessment aside; that the first assessment, which did not include appellant Helm's lot, exhausted the power of the board.

1.   The improvement consisted of graveling the roadway and constructing a cement sidewalk along the north side of the street. Immediately south of and adjacent to the street to be improved was a public street. The property "bordering on such street," within the meaning of the statute, was north and east of that portion of the street proposed to be improved. As an abutting property owner, appellant Helm joined in a petition to the board asking that the improvement be made. The board, in determining to make the improvement, might provide that the whole expense should be paid out of the general revenue of the town, that a part of the expense should be paid out of the general revenue and a part charged against abutting property, or that the whole expense should be charged against the property bordering upon that part of the street to be improved. It determined upon the latter method. Having determined upon this method, it was the duty of the board to assess such property for the cost of the improvement as the statute says shall be assessed. §§4290, 4293 Burns 1901, Acts 1889, p. 237, §§3, 6.

2.   The findings show that appellant Edna Helm's property abuts on the east end of the portion of the street

sought to be improved, and that this street is the only public
highway that affords any practical means of access to her
property. The apportionment of costs by the engineer pro-
vided by §4290, *supra,* and subject to alteration by the
board, is upon the basis of actual special benefits received
by the improvement, such benefits being those which accrue
to each of the abutting property owners. *Adams* v. *City of
Shelbyville* (1900), 154 Ind. 467, 490, 49 L. R. A. 797,
77 Am. St. 484. It is very clear that appellant Edna
Helm's property should have been included in the first esti-
mate and assessment made.

3. The question, then, arises, was the assessment first
made by the board, in which a part only of the abutting
property was included and a part omitted, a valid assess-
ment? We think not. There is no authority in the statute
under which the board, having determined that the abutting
property should be charged with the expense of the improve-
ment, might include in the assessment a part only of the
abutting property. Having no authority to make an assess-
ment except such as the statute gave it, the atempted first
assessment, in which a part of the abutting property was
omitted, was without authority of law and was void.

4. The first assessment being void, it was as if never
made, and in making the second assessment the board was
acting within the authority given it by statute.

5. It is true the ordinance ordering the improvement to
be made limits the property to be charged with expense of
the improvement to the property abutting on the north side
of the street. The ordinance does provide that the improve-
ment shall be made, and contains enough to show the inten-
tion of the board to charge abutting property with the ex-
pense; and, while it does contain this void limitation, yet
this does not necessarily render the whole ordinance void.
The general plan of charging the expense of the improve-
ment against abutting property, which was adopted by the
board, was not departed from when the assessments were in

fact made.   Having determined by ordinance that the whole expense should be borne by the abutting property, the statute itself, without reference to any ordinance, designates what property shall be assessed.

6.   The sufficiency of the complaint as against appellant Edna Helm was questioned by a demurrer, which was overruled.   It is argued that the complaint is insufficient for the reason that the copy of the assessment filed with the complaint as an exhibit does not contain a description of the real estate.   The exhibit is as follows: "And now, upon motion, the board of trustees of the town of Monticello does hereby assess the costs of the improvement of High street against the lots and parcels of ground benefited thereby as follows:   Travelers Insurance Company's lot, $269.45; Alvin Witz's lot, $158.84; Town of Monticello, alley, $18.76; Edna McCollum's (now Edna Helm) lot, $160.74; said lots being those described in the engineer's report, to which reference is made for definite description; said amounts shall bear interest at the rate of five per cent. per annum from the 2d day of December, 1902."   The engineer's report is not filed with the complaint as an exhibit, nor is any part of the report set out in the complaint.   Concerning the engineer's report, it is averred that the report was made, and a committee appointed to consider it; that upon a hearing the committee recommended that the report be altered and amended; that the report of the committee was approved, the engineer's report amended, and the assessment made. But the complaint, after averring that appellant Edna Helm is the owner of certain real estate in Monticello, particularly describing the land, avers "that said real estate so owned by the defendant abuts upon said improvement, and is mentioned and described in the report of the town engineer and in the report of the committee to hear complaints, and that said real estate was assessed by the board of trustees of the town of Monticello in the sum of $160.74," and that a cer-

tain portion of this is due appellee on his contract for constructing the improvement.

While the defect in the assessment, filed as an exhibit, in failing to describe the real estate could not be cured simply by a correct description set out in the complaint *(Cleveland, etc., R. Co. v. O'Brien* [1900], 24 Ind. App. 547), yet the assessment itself refers to the engineer's report for a particular description, and the complaint shows the description contained in the engineer's report. While the assessment itself does not contain a description of the property, yet for the purpose of the description it makes the engineer's report a part of the assessment, and the description contained in the engineer's report is set out in the complaint. Taking the complaint and the exhibit, with its reference, together, we do not think it can be said that the assessment fails to describe the land assessed.

7. It is not necessary in such an action to incorporate in the complaint, by reference or otherwise, the different proceedings had by the board of trustees leading up to the assessment, but the assessment itself must be made part of the complaint. It is sufficient to aver generally that the different acts preceding and up to the assessment required by the statute to be done by the board were rightfully done. *Van Sickle v. Belknap* (1891), 129 Ind. 558; *Dugger v. Hicks* (1894), 11 Ind. App. 374; *Becker v. Balitmore, etc., R. Co.* (1897), 17 Ind. App. 324. The complaint is not a model pleading, but it contains sufficient facts to withstand a demurrer.

Judgment affirmed.