## Curless et al. *v.* Watson.

[No. 7,809. Filed January 30, 1913. Rehearing denied June 27, 1913.]

1. Appeal.—*Review.*—*Harmless Error.*—*Ruling on Demurrer.*—Error, if any, in overruling the demurrer to a paragraph of complaint is harmless, where it appears that the judgment was based on another paragraph. p. 113.

2. Municipal Corporations.—*Street Improvements.*—*Assessments.* —*Enforcement of Lien.*—*Complaint.*—*Sufficiency.*—In an action to enforce the lien of an assessment for a street improvement, where the original assessment against the property of defendant was void on account of defects in the name and description, a complaint showing that the board of town trustees made a new assessment in which the defects of the former were corrected, and that the proceedings adopted by such board were in practical accordance with the provisions of the statute (Acts 1905 p. 219, §§108-120) relating to the making of an original assessment, shows a valid assessment, and in the absence of any other objection, is sufficient on demurrer. pp. 114, 116.

3. MUNICIPAL CORPORATIONS.—*Street Improvements.—Power of Town Trustees.*—The board of trustees of a town has authority to originate and carry forward proceedings for the improvement of the streets of such town, and, under the provisions of §8959 Burns 1908, Acts 1905 p. 219, §265, providing for the performance by the board of trustees of a town of the duties imposed on the board of public works of a city in relation to public improvements, the making and enforcement of assessments to pay the costs of such improvements are governed by Acts 1905 p. 219, §§108-120 inclusive. p. 115.

4. MUNICIPAL CORPORATIONS.—*Street Improvements.—Assessments. —Power of Town Trustees.*—Under Acts 1905 p. 219, §111, §8716 Burns 1908, relating to the making of assessments for public improvements and providing that in case of any defect or irregularity in the proceedings with respect to one or more interested persons or property, supplemental proceedings may be had to correct the same, the power and duty of a board of town trustees to make an assessment for a public improvement continues in that tribunal until legally exercised, and if the principal proceedings upon which the assessment must rest are not void a valid assessment may be made which will obviate the cause which rendered the first assessment invalid. p. 116.

5. MUNICIPAL CORPORATIONS.—*Street Improvements.—Enforcement of Assessment Lien.—Defense.—Collateral Attack.*—In an action to enforce the lien of an assessment for a street improvement, where the board of town trustees in making the assessment had jurisdiction of the person and subject-matter, the fact that defendant entered timely objections to the assessment and filed a motion to dismiss the proceeding, and also a remonstrance, all of which such board refused to consider, is of no avail as a defense, since the proceedings by the board of public works of a city or the board of trustees of a town making an assessment for public improvement are *quasi-*judicial in character and, having jurisdiction, its judgment confirming such assessment cannot be collaterally attacked. p. 117.

6. MUNICIPAL CORPORATIONS.—*Street Improvements.—Enforcement of Assessments.—Trial.—Evidence.—Statutory Provisions.*—That part of the act of 1909 (Acts 1909 p. 412, §3) providing that, in suits to foreclose the lien of assessments for public improvements, it shall be sufficient to introduce the final assessment rolls or copy, properly certified, and that the same shall be *prima facie* evidence that all preliminary steps required were properly had and taken, applies to all cases tried after such act went into force, so that in an action to foreclose, thereafter tried, the final assessment against defendant's property, though made and confirmed long prior to the act, constituted *prima facie* evidence

that all necessary steps preliminary to such assessment had been taken.   p. 118.

7.   APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.*— Objection to the admission of evidence is not available on appeal, where, from the findings, it is apparent that such evidence was not considered by the trial court.   p. 119.

8.   MUNICIPAL CORPORATIONS.—*Assessments for Public Improvements.*—*Report of Appraisers.*—*Appeal.*—Under §8716 Burns 1908, Acts 1905 p. 219, §111, the report of appraisers appointed by the circuit or superior court to view a proposed public improvement with reference to whether the assessments complained of exceed the special benefits to the property assessed, etc., when entered upon the records of the court, is the termination of the proceeding and no appeal lies therefrom.   p. 121.

9.   MUNICIPAL CORPORATIONS.—*Assessments for Public Improvements.*—*Conflicting Statutory Provisions.*—That part of §109 of the act of 1905 (Acts 1905 p. 219) relating to assessments for public improvements, providing that a property owner who has not signed a waiver, or exercised or claimed the option to pay in installments, may contest the amount of his assessments, is in conflict with the provisions of §111 of said act, relating to the same subject making the assessments for such ·improvements, when confirmed in accordance to its provisions, final and conclusive, the provisions of §111 must prevail in so far as the repugnancy exists as being the latest expression of the legislative will.   pp. 121, 123, 124.

10.   STATUTES.—*Construction.*—*Conflicting Provisions.*—Where different sections of the same act, or different provisions of the same section, are in irreconcilable conflict, the court should look to the entire act and to the history of the legislation for the purpose of determining the legislative intent, but if such intent cannot be ascertained the section or provision last in order of time or local position must prevail, and the other be deemed abrogated to the extent of the repugnancy.   p. 122.

11.   STATUTES.—*Adoption of Provisions of Former Statute.*—*Conflicts.*—*Construction.*—Where provisions of a former act are adopted and incorporated into a new act, and such provisions are in irreconcilable conflict with the other provisions newly framed, the latter will control.   p. 124.

12.   STATUTES.—*Construction.*—*Conflicting Provisions.*—In construing a statute it is the duty of the court, where possible, to reconcile its conflicting provisions so as to give force and effect to same.   p. 124.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Action by James H. Watson against Ada E. Curless and

another. From a judgment for plaintiff, the defendants appeal. Affirmed.

*St. John, Charles & Gemmill* and *Simmons & Dailey*, for appellants.

*Eichhorn & Vaughn* and *Blacklidge, Wolf & Barnes*, for appellee.

LAIRY, J.—The town of Swayzee undertook the improvement of a street in that town known as Washington Street. The contract was let to the appellee, the work was completed and accepted, and assessments were made upon the abutting property to pay the cost of making such improvement. The appellant Ada E. Curless was, at the time this suit was commenced, the owner of a tract of unplatted land abutting upon the improved part of this street, and Arthur E. Curless was her husband. The suit was brought to enforce the lien of assessment against these lands and it resulted in a judgment for the full amount of the alleged assessment with interest and attorney's fees and a foreclosure lien. The complaint is in two paragraphs to each of which a demurrer was overruled. This ruling of the trial court is assigned as error and presents the first question for our consideration. We need not consider the sufficiency 1. of the first paragraph for the reason that the court made a special finding of facts which follows the averments of the second paragraph and corresponds therewith, and it thus appears that the judgment is based upon this paragraph. If the court committed an error in overruling a demurrer to the first paragraph of complaint, such error was harmless. *Blasingame* v. *Blasingame* (1865), 24 Ind. 86; *Tracewell* v. *Farnsley* (1886), 104 Ind. 497, 4 N. E. 162; *Lime City Bldg., etc., Assn.* v. *Black* (1894), 136 Ind. 544, 35 N. E. 829.

The objection made to the second paragraph is that it discloses on its face that the assessment sought to be enforced

against the lands of appellants is void. After the
2.  street improvement was completed the board of trus-
tees of the town made up the preliminary assessment
roll and gave notice that objections thereto would be heard
on December 21, 1905. The final assessment roll was ap-
proved and adopted by the board and filed with the clerk
on January 2, 1906. There was an attempt to include the
lands of appellants in this assessment roll and to place an
assessment thereon, but the description of said lands was
defective and the name of the owner as stated therein was
A. E. Curless instead of Ada E. Curless and the notice given
contained the same defects. Whether the uncertainty in the
description of the lands assessed, and the failure to properly
name the owner in the assessment roll are defects of such
character as to render the assessment void, we are not called
upon to decide, for the reason that all parties to this appeal
agree that the first attempt to assess the lands of appellants
was ineffectual and that the attempted assessment was a
nullity. However, appellee claims that, as shown by the
averments of the complaint, a new assessment was subse-
quently made upon the real estate of appellants by virtue of
supplemental proceedings for that purpose, in which the real
estate was properly described and the name of the owner
properly stated. The allegations of the complaint with
reference to these supplemental proceedings are as follows:
"That afterward, to wit: On the 4th day of March, 1907,
the local board of trustees of the town of Swayzee, at a regu-
lar meeting of the said board, adopted by unanimous vote,
an amendment, correction and supplement to the said final
assessment roll, filed as aforesaid, so far as the same per-
tains to the aforesaid property of the defendant, Ada E.
Curless. That the said assessment roll was corrected as
follows: The name A. E. Curless in the original assessment
roll was corrected to read Ada E. Curless, and the descrip-
tion of said property, as Pt. S. N. W. '26, 24, 6, 228—7/12,'
was corrected to read as follows:  'Commencing one and one-

half rods east of the northwest corner of the south half of the northwest quarter of section 26, township 24 north, range 6 east; running thence east 150 feet; thence south 228 feet and seven inches; thence west 150 feet to the line of said street so improved; thence north with the line of said street 228 feet and 7 inches to the place of beginning, being all that certain unplatted tract of land abutting on said improved street and lying within the corporate limits of the town of Swayzee, Grant County, in the State of Indiana,' and the amount of assessment was made as originally made, $697. That the said town board, at the same time, ordered the town clerk to give notice to the defendant, Ada E. Curless, that the town board would meet at its office, being the town hall, on the 23rd day of March, 1907, for the purpose of hearing any remonstrances or objections to the said assessment and to said amendment and correction before the same should be finally adopted.'' It further appears from the averments of the complaint that notice was given to Ada E. Curless by publication which notice fixed a day after the date of the last publication on which said board would receive and hear remonstrances in accordance with the statute providing for notice of the filing of the original preliminary assessment, and that the board of trustees met on the day so named and adjourned to April 6, 1907, at which time the amendment and supplement to the assessment role was by the board of trustees confirmed and approved.

The board of trustees of an incorporated town has authority to originate and carry forward proceedings for the improvement of the streets of such town. In the making and enforcement of assessments to pay the costs of such improvements, the proceedings are governed by §§108-120 inclusive of the act of 1905 concerning cities and towns. Acts 1905 p. 219. The duties which these sections impose upon the board of public works of a city are required to be performed by the board of trustees of a town, as are, also, the duties imposed upon the common council

of cities by these sections. The duties by these sections imposed upon the department of finance in cities, are, in towns, placed upon the town clerk. §8959 Burns 1908, Acts 1905 p. 219, §265; *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, 86 N. E. 321. Section 111 of the act of 1905, contains the following provisions: "In the event that there be defects or irregularities in the proceedings with respect to one or more interested persons or property, the same shall not affect such proceedings, except as to the persons or property, if any, as may be thereby affected, and shall not avail any other person or persons whatsoever. In case of such defect, supplemental proceedings of the same general character as those hereinbefore described may be had to correct, remedy, or supply the same." Acts 1905 p. 219, §8716 Burns 1908. "The power and duty of the board of trustees or common council, as the case may be, under the statute, to make an assessment for such improvements continue in that tribunal until legally exercised. While it is true that a void assessment may be defeated or set aside and held for naught in a collateral action, still, under such circumstances, if the principal proceedings of the board upon which an assessment must rest are not also void, a valid reassessment may be made, by which the objectionable matters or grounds which resulted in rendering the first assessment invalid may be avoided." *Hibben* v. *Smith* (1902), 158 Ind. 206, 211, 62 N. E. 447. If the first assessment against the property of appellants was void, it was the same as though never made, and the board of trustees in proceeding to make the assessment, here in question, was acting within the authority conferred by statute. *Helm* v. *Wilz* (1905), 35 Ind. App. 131, 73 N. E. 846. The proceedings adopted by the board of trustees in making this assessment were in practical accordance with the provisions of the statute relating to the making of an original assessment. The court is of the opinion that the complaint shows a valid assessment

against the lands of appellant and as no other objection is
urged it will be deemed in other respects sufficient.

The court committed no error in sustaining the demurrer
to the second paragraph of the answer of Ada E. Curless.
Even though it be true as alleged that she appeared

5. before the board of trustees on March 23, 1906, in
obedience to the notice fixing that day as the date
upon which objections might be made to the assessment
placed against her lands in the amended and supplemental
assessment roll, and even though it be true that she on that
day filed a motion to dismiss the proceeding and also filed a
remonstrance both of which the board of trustees refused
to consider, and confirm the assessment without determining
any question so presented, still these facts would avail her
nothing as a defense to a suit to collect the assessment. The
proceedings before the board of public works of a city or
the board of trustees of a town, which result in an assess-
ment for a public improvement, cannot be thus collaterally
attacked. Proceedings conducted under our statutes before
a board of works of a city or a board of trustees of a town
for the purpose of fixing assessments to pay for public im-
provements are of a *quasi*-judicial character. Here the
proper notice had been served and the board of trustees had
jurisdiction of the person and the subject-matter, and its
judgment confirming the assessment cannot be collaterally
attacked. *Brown* v. *Central Bermudez Co.* (1904), 162 Ind.
452, 69 N. E. 150; *Shank* v. *Smith* (1901), 157 Ind. 401, 61
N. E. 932, 55 L. R. A. 564. "So long as the board of trus-
tees keeps within the limits of its jurisdiction, its decision or
judgment in the premises must be held to be binding and
conclusive on all persons concerned until set aside or an-
nulled by some direct proceeding known to the law, based on
reasons or grounds which the law recognizes as sufficient for
that purpose." *Hibben* v. *Smith, supra,* 209. If appel-
lants were denied their right to a hearing before the board
upon their remonstrance, they had a right to invoke the

power of the courts to secure such right. *Brown* v. *Central Bermudez Co., supra; Shank* v. *Smith, supra.* In the case last cited the court said on page 41: "Assuming that both the committee and board of trustees refused to grant appellants a hearing, they could not be permitted to waive their right to bring mandamus to compel a hearing, or injunction against the approval of the engineer's report until it had been accorded, and make the denial of a hearing available as a defense in an action to collect the assessment."

The exceptions to the conclusions of law present the same questions as those presented by the demurrer to the second paragraph of complaint. Having passed upon these questions in that connection, we need not further consider them here.

Appellants next assert that there is no evidence to sustain the finding of the court, and that the court therefore erred in overruling their motion for a new trial. This case was tried in the court below after the statute on the subject of the foreclosure of assessments for street improvements had been amended by the act of 1909, and after such amended act had become effective. This act contains the following provision: "Upon the trial of such foreclosure suits, it shall not be necessary to introduce proof of the various proceedings before said board preliminary to the final assessment, but it shall be sufficient to introduce such final assessment rolls, or a copy thereof, properly certified, which said roll shall be *prima facie* evidence that all steps required to be taken preliminary thereto, were regularly and properly had and taken by and before said board." Acts 1909 p. 412, §3. As the portion of the act quoted related entirely to procedure it applies to all cases tried after the amended act went into force. *Evansville, etc., R. Co.* v. *City of Terre Haute* (1903), 161 Ind. 26, 67 N. E. 686; *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600, 62 N. E. 443. The final assessment made against the real estate of appellants in the supplemental proceeding and

confirmed after notice to her was introduced in evidence, and this was *prima facie* evidence that all of the steps preliminary thereto had been taken before the board of trustees of the town.

Our attention is called to the fact that evidence introduced on the trial, upon the question of benefits shows without dispute that the lands of appellants were not bene-

7. fited by the improvement to the extent of the assessment made against them, and appellants therefore contend that the finding of the court is contrary to law and that it is not supported by the evidence.   Over the objection of appellee certain witnesses were permitted to testify at the trial as to the value of the lands assessed before the improvement was made and the value of the same lands after the improvement was made.   From the findings, it is apparent that the court did not consider the evidence of this character but that it treated the assessment as confirmed by the board of trustees of the town as final and conclusive as to the amount of benefits.

The assessment which is sought to be collected in this proceeding was made under the provisions of the act of 1905 (Acts 1905 p. 219).   Section 111 of this act contains the following provision with reference to assessments for street improvements: "In making assessments against each lot or parcel of land said board of public work shall, as soon as any contract for the improvement of any street or alley has been completed, cause to be made out an assessment roll with names of property holders and description of the property abutting on and adjacent to the improvement, which are liable to assessment under other sections of this act.   Said assessment roll shall also have set opposite each name and description the total assessment, if any, against each piece of property, which assessment shall be determined according to the provisions of the other sections of this act.   The charge or assessment against each lot, tract, or parcel of land, so made and indicated on said roll, shall be *prima facie*

the special benefit to such lot, parcel, or tract of land, by reason of the improvement for which said assessment was made, and shall be the final and conclusive assessment against said lots, parcels, or tracts, unless the same is changed, or an assessment made, in the manner hereinafter provided * * *." The same section then makes provisions for a notice and a hearing as to the amount of benefits assessed against the several lots and parcels of land, and the board of public works of a city or board of trustees of a town, as in this case, is given power upon such hearing to increase or diminish the assessments and to so modify the same as to make them correspond with the special benefits received by each lot or parcel of land as fixed by the judgment of such board. The section then provides, "When completed, said assessment roll shall be delivered to the department of finance. The decision of such board as to all such benefits shall be final and conclusive: Provided, that if the owner of any lot or parcel of land so assessed as aforesaid, shall, within ten days from the completion of said assessment roll, by his written verified petition to the circuit or superior court of the county in which said city is situated, show that the amount so assessed against such lot or parcel of land is excessive, and that such real estate is not benefited by said improvement in such amount, the court shall, without delay, appoint three disinterested freeholders of said city to re-assess such benefits, if any there be, accruing to the real estate described in such petition. Such appraisers shall at once take an oath before the clerk of said court that they will faithfully, honestly and impartially discharge the duties required of them, and proceed forthwith to view the proposed improvement and the real estate described in such petition, and report in writing to said court within three days after viewing such improvement and premises whether the said assessment complained of exceed the special benefits to said property, and if so, in what amount, if any, such real estate is or will be specially benefited by such improve-

ment, and such appraisers may grant a hearing to complainants. Such report shall be entered as a judgment upon the records of said court, and a copy thereof filed by such appraisers with the said board, and such report shall be final and conclusive on all parties thereto." §8716 Burns 1908, Acts 1905 p. 219, §111. The Supreme Court has held that when the report of the viewers is entered by the circuit or superior court in which the petition is filed, the proceedings are then at an end, and that no appeal lies to that court. *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, 88 N. E. 949; *City of Seymour* v. *Jordan* (1909), 173 Ind. 717.

The provisions of §111 when considered separate and apart from the provisions of §109, leave no doubt that it was the intention of the legislature to provide a tribunal before which a hearing could be had upon the question of the amount of the assessments to be levied upon the several lots, tracts and parcels of land affected by a street improvement, and that the assessment finally fixed by such tribunal should be final and conclusive on all parties concerned unless changed by appraisers appointed by the circuit or superior court as in that section provided. This section does not seem to recognize any distinction between the special benefits accruing to a lot affected and the assessment made for the improvement, as it provides that the charge or assessment against each lot, tract, or parcel of land shall be *prima facie* the special benefit to such lot, tract, or parcel of land by reason of the improvement for which said assessment was made and shall be final and conclusive unless the same is changed or an assessment made as thereinafter provided. If such was the intent of the legislature it is apparent that when an assessment is made and confirmed in accordance with the provisions of this section, the amount thereof cannot be afterwards questioned in a proceeding to foreclose the lien of such assessment. Section 109 of the same act contains some language which seems to be in con-

flict with the provisions of §111 heretofore quoted. The language to which we refer is as follows: ''In such foreclosure suits no defense shall be allowed upon any irregularity in the proceedings making, ordering or directing such assessment, nor shall any question as to the propriety or expediency of any improvement or work be therein made. A property owner who has not, or property owners who have not, signed a waiver, or exercised or claimed the option to pay in installments may, however, contest the amount of his or their assessments: *Provided,* That the question of special benefits shall be deemed conclusively determined by and in the proceedings before the board of public works as in this act elsewhere prescribed.'' Acts 1905 p. 219, §8714 Burns 1908. The part of this section just quoted seems to be in conflict with the general purpose and intent of the legislature as manifested by other parts of the act. If the assessments made in pursuance of the provisions of §111 are final and conclusive on all parties thereto as provided in this section, it would be inconsistent to permit a property owner to contest the amount of such assessments in a suit to foreclose a lien therefor as provided in §109. It is

10. a rule of statutory construction that, where two provisions of an act are in irreconcilable conflict, the one last in order of time or local position must prevail, and the other be deemed abrogated to the extent of such repugnancy, whether the conflicting clauses be sections of the same act or merely portions of the same section. Endlich, Stat. Constr. §183; *Quick* v. *White-Water Tp.* (1856), 7 Ind. 570; *Harrington & Hubbell* v. *Rochester* (1833), 10 Wend. (N. Y.) 547; *Albertson* v. *State* (1879), 9 Neb. 429, 2 N. W. 742, 892. There are some well-recognized exceptions to the rule just announced, none of which applies to this case and, for that reason they need not be noticed. In cases where different sections of the same act or different provisions of the same section are in irreconcilable conflict, the court should look to the entire act and to the history of the

legislation on the subject for the purpose of determining the intent of the legislature. If the legislative intent can be thus ascertained, resort can not be had to the relative positions of the contradictory expressions of the act; but, if the intent cannot be otherwise ascertained, the section or expression occupying the latest position in the act will control. *Gibbons* v. *Brittenum* (1878), 56 Miss. 232.

The act under consideration in this case became a law in 1905. In 1891 an act was passed, applying to cities having a population of more than one hundred thousand according to the last preceding census. This act was of the same general scope as the statute under consideration and contained many similar provisions. Section 75 of the 1891 act as amended in 1895 contained the following provision: ''In such foreclosure suits no defense shall be allowed upon any irregularity in the proceedings making, ordering or directing such assessment, nor shall any question as to the propriety or expediency of any improvement or work be therein made. A property owner who has not, or property owners who have not, signed a waiver or exercised or claimed the option to pay in installments, may however, contest the amount of his or their assessment, but where a property owner or property owners has or have exercised the option to pay in installments and has or have signed a waiver or exercised the option to pay in installments such property owner or owners shall be concluded thereby and shall not be permitted to set up any defense whatsoever.'' Acts 1895 p. 384. This act contained no provision for a hearing and determination upon the question of the amount of the respective assessments before the board of works or any other tribunal. The first and only opportunity afforded to a property owner to contest the amount of his assessment was in the suit to foreclose the assessment. In construing this act the courts properly held that the property owner might question the amount of the assessment in a suit to foreclose the lien. *City of Indianapolis* v. *Holt* (1900), 155

Ind. 222, 57 N. E. 966, 988, 1100; *Marion Bond Co.* v. *Johnson* (1902), 29 Ind. App. 294, 64 N. E. 626; *Drake* v. *Grout* (1899), 21 Ind. App. 534, 52 N. E. 775. The provision of §109 which we have held to be in conflict with the provisions of §111 seems to have been adopted from §75 of the act of 1891 as amended in 1895. The conflicting provisions of §111 with reference to a hearing and determination as to the amount of assessments before the board of public works, which determination should be final unless changed upon petition to the circuit or superior court, were newly framed and appeared for the first time in this act. Where provisions of a former act are adopted and incorporated 11. into a new act, and such provisions are in irreconcilable conflict with the other provisions newly framed the latter will control. *State, ex rel.* v. *Heidorn* (1881), 74 Mo. 410; *Ex parte Ray & Defoe* (1871), 45 Ala. 15.

From a consideration of the whole question the court has reached the following conclusions: (1) that the provision of §109, permitting a property owner to question the 9. amount of the assessment against his property in a suit to foreclose the lien, is in conflict with certain provisions of §111 of the same act; (2) that the provisions of §111 must stand and prevail over the provisions of §109 in so far as they are repugnant thereto, for the reasons following: (a) the intention of the legislature as gathered from the scope and purpose of the entire act and from the history of legislation on the subject, is in accord with the intention expressed in §111 rather than that expressed in §109; (b) the local position of §111 is later than that of §109, and (c) the provisions of §111 in question are newly framed, while the provision of §109 in conflict therewith is adopted from a former act. If it were possible to reconcile the provisions of the two sections so as to give force and effect to 12. both, it would be our duty to do so. Appellants suggest that this might be done by holding that each section, taken in itself, constitutes a complete system for

ascertaining the special benefits accruing to lots or lands affected by street improvements, and that a lot owner either may appear before the board of public works and permit the assessment to be made in accordance with the provisions of §111, or he may refuse to appear and may ignore the proceedings taken under that section, and may then contest the amount of the assessment made against his land when suit is brought to foreclose the assessment lien. With this contention we can not agree. Such a construction would be repugnant to the plain intention of the legislature as expressed in §111, and as indicated by the entire scope of the act.

The court did not err in refusing to consider evidence tending to show that the special benefits to the lands of appellants were less than the assessment sought to be enforced against the same.

Judgment affirmed.

Note.—Reported in 100 N. E. 576. See, also, under (1) 31 Cyc. 358; (4) 28 Cyc. 1191; (8) 28 Cyc. 1183; (10) 36 Cyc. 1073. As to rules for construing statutes, see 12 Am. St. 827. As to the purposes for which assessments may be imposed by municipalities, see 16 Am. St. 365.