Argued at Pendleton May 2; modified June 20; rehearing
denied September 6, 1939

# PAYETTE-OREGON SLOPE IRRIGATION
# DISTRICT *v.* COUGHANOUR ET AL.

(91 P. (2d) 526)

In Banc.

*Cleve Groome,* of Caldwell, Idaho, and *Robert D. Lytle,* of Vale (Lytle & Swan, of Vale, on the brief), for appellant.

*M. A. Biggs,* of Ontario, for respondent.

BELT, J.   This is a statutory proceeding to foreclose three certificates of delinquency representing taxes and assessments levied for the years 1928, 1929, and 1930 against certain tracts of land in Payette-Oregon Slope Irrigation District, owned by the defendant Lillian G. Spofford Lemp.   From a decree of foreclosure, the defendant appeals.

The defendant contends that the irrigation district assessments for the above-mentioned years are null and void for the reason that certain irrigable lands owned by the plaintiff and by Malheur County, within the district, were omitted to her material injury.   Otherwise stated, she asserts that if the lands owned by the irrigation district and the county had been assessed, a lower assessment against her lands would have resulted.   Defendant does not challenge the validity of the assessments for ad valorem taxes included in the certificates of delinquency.

The plaintiff irrigation district comprises approximately 4,000 acres of irrigable land subject to assessment.   The plaintiff and Malheur County had acquired about 1,000 acres of land within the district through foreclosure of assessment and tax liens.   It is

conceded that the lands owned by the irrigation district and the county were not included in the assessments levied for the years 1928, 1929, and 1930, although such were benefited by water furnished by the district. It is further agreed under the stipulation of facts that the lands owned by the irrigation district and the county were not devoted to a public use, but were leased during such years on a crop-share basis. Hence, it is clear that the lands thus used in a proprietary capacity were not exempt from assessment. It is also conceded that defendant had the benefit of water furnished to her lands for said years by the district.

The vital question is whether the omission of the lands owned by the district and by Malheur County renders the assessments void.

The plaintiff irrigation district, a quasi-municipal corporation, is a creature of the statute and possesses only those powers expressly or impliedly granted to it by the legislature. It is also fundamental that the powers thus granted must be exercised in substantial compliance with the mode specified in the statute. The legislature having prescribed the method and manner of levying assessments, it follows that it must not be exercised in any other manner. As stated, on rehearing, in *Twohy Bros. Co. v. Ochoco Irr. Dist.*, 108 Or. 38, 216 P. 189:

"* * when the mode of the exercise of the power is prescribed, and the same is a condition precedent to the exercise of the particular power, the mode becomes the measure of the power, and any essential deviation therefrom renders the act void and ineffectual."

In 44 C. J. 596, it is said:

"The requirements of statutory or charter provisions necessary to confer power to impose assess-

ments or special taxes for local improvements must be followed at least substantially, a material departure therefrom rendering the assessment and special tax void * * * *.'' Citing numerous authorities in support of the text.

■ Section 48-801, Oregon Code 1930, provides as follows:

''The board of directors shall, on or before the first Tuesday in September of each year, make a computation of the whole amount of money necessary to be raised by said district for the ensuing year for any and all purposes whatsoever in carrying out the provisions of this act, including estimated delinquencies on assessments. Said amount of money, when so determined by said board, shall be and constitute an assessment upon all the land included in said district, and shall be apportioned by said board to the lands owned or held by each person, firm or corporation, *so that each acre of irrigable land in the district shall be assessed and required to pay the same amount as every other acre of irrigable land therein,* except as hereinafter otherwise provided. [Italics ours.]

''The board of directors shall determine the number of irrigable acres owned by each landowner in the district and the proportionate assessments, as herein provided for, as nearly as may be from available information * * * * *.''

It is plain from the above section of the statute that it was mandatory on the part of the board of directors of the district to levy an assessment on ''each acre of irrigable land in the district'' and that no discretion could be exercised by it in omitting irrigable land subject to assessment. If 1,000 acres, or about one-fourth of the total irrigable acreage, could be omitted, we see no reason why three-fourths might not be omitted, thereby resulting in confiscation of the property of

those landowners obliged to pay the cost of operation and maintenance of the district. We have no hesitancy in holding that the omission of the land in question was a substantial departure from the statute.

■ It is entirely beside the question that the land omitted was leased and that the district earned, as its crop share, an amount equivalent to the sum that would have been received from assessments had such land been included. The board of directors, no doubt, acted in good faith and did only what it deemed was best in the interests of the over-burdened taxpayers within the district. It, nevertheless, appears that such course was not authorized by statute. The defendant had the right to assume that every other irrigable acre within the district, not exempt by law, would be assessed for the same amount as every acre of irrigable land owned by her in the district.

In our opinion, the irrigation district, through its executive officers, failed substantially to comply with the statute in levying the assessments against the lands of the defendant, and therefore the same are null and void: *Matter of New York Protestant Episcopal Public School*, 75 N. Y. 324; *Hassan v. City of Rochester*, 67 N. Y. 528; *Helm v. Witz*, 35 Ind. App. 131, 73 N. E. 846; *Diggins v. Brown*, 76 Cal. 318, 18 P. 373; *Ryan v. Altschul*, 103 Cal. 174, 37 P. 339; Page and Jones on Taxation by Assessment, Sec. 639. We do not hold that every slight omission of land will invalidate an assessment. The omission to be operative must result in substantial injury.

■ The liens asserted by plaintiff must necessarily be based on valid assessments. There can be no valid assessment unless the levy thereof is made in substantial compliance with the statute authorizing it. In the

instant proceeding there was no valid irrigation assessment; hence no lien attached to the lands of the defendant.

■ It is urged by respondent that defendant is not entitled to equitable relief for the reason that she has tendered neither the amount of delinquent taxes admittedly due nor the amount of the irrigation assessments payable had such lands been included. It is well established that it is not necessary to tender payment thereof if the same are void: *Graves v. Berry,* 35 Idaho 498, 207 P. 718; *Brotherhood Co-op. v. Hurlburt,* 21 F. (2d) 85; *Powell v. Board of Supervisors, St. Croix County,* 46 Wis. 210, 50 N. W. 1013. We are not dealing with a case, as in *Cannon v. Hood River Irrigation District,* 79 Or. 71, 154 P. 397, wherein injunctive relief is sought against a voidable levy. The instant case involves more than an irregularity. It is one wherein the defendant seeks no affirmative relief but merely defends against what she asserts is a void proceeding.

■ Respondent urges that defendant is estopped from asserting the invalidity of the assessments on account of not having appealed to the Board of Equalization for relief as provided in section 48-805, Oregon Code 1930. The doctrine of waiver or estoppel has no application where the objections to the assessment are of a jurisdictional character: 67 C. J. 1353. It is true that defendant could have instituted a mandamus proceeding to compel the inclusion of the land omitted, but failure to do so does not preclude a direct attack upon the foreclosure of the liens.

■ Appellant contends that no decree of foreclosure can be had even as to the tax liens for the reason that the amounts stated in the certificates of delinquency are in lump sums. We can not concur in this view.

From the record we are able to segregate the irrigation assessments from the taxes included in the certificates. Defendant does not dispute the amount of taxes delinquent, which plaintiff paid to the county.

The decree of the lower court is set aside and the cause remanded with directions to enter a decree to foreclose tax liens as disclosed by the record if the same are not paid within 20 days from date of mandate herein.

Neither party will recover costs or disbursements.

BAILEY and LUSK, JJ., not sitting.